School Town of Milford v. Powner.

Filed Jan. 15, 1891.

---

No. 14,261.

## THE SCHOOL TOWN OF MILFORD v. POWNER.

TOWN.—*School Trustees.—Action for Breach of Contract of Employment.—Answer.—Argumentative Denial.—Demurrer.*—In an action against the school town by one who alleged an employment as teacher by the duly elected and qualified board of school trustees of the town, and a breach of the contract, a demurrer was properly sustained to an answer which averred in effect that the plaintiff was not legally employed by the board of school trustees.   This was nothing more than a special or argumentative denial of the complaint, and having been pleaded after a general denial, under which all the facts averred in the special denial were provable, there was no reversible error in sustaining a demurrer to it.

SAME.—*Right of School Trustees to Hold Over.—Effect of Acts while Holding Over.—Validity of.*—Where school trustees have been duly elected and qualified, and pursuant thereto entered upon the discharge of their official duties, they are entitled to hold over until their successors are duly elected and qualified.   The right to hold over is secured to them by the same authority as is any other part of their term, and their official acts while so holding over are as binding upon the corporation as if done during the original term. Their employment of a teacher while so holding over would constitute a valid employment.

SAME.—*Contract Signed by One Member.—Ratification by Board.—Effect of.*—

Where one of the school trustees of a town signed a contract of employment with the plaintiff to teach in one of the schools of the town, and at a called meeting the contract was adopted by the board and signed by another member, it became binding upon the corporation.

From the Decatur Circuit Court.

*J. K. Ewing, C. Ewing, J. D. Miller* and *F. E. Gavin,* for appellant.

*W. A. Moore* and *J. A. Marshall,* for appellee.

PER CURIAM.—This opinion, in which we all concur, was prepared for the court by the late Judge MITCHELL and expresses the views and judgment of the court.

The school town of Milford was sued by Eva M. Powner to recover damages for the breach of a written contract alleged to have been entered into with the plaintiff by the duly elected and qualified board of school trustees of the town, whereby the plaintiff was employed to teach the primary department of the schools for a term of thirty weeks for a stipulated compensation. The plaintiff avers, in substance, that she was duly employed by the school board as a teacher; that she was ready and willing to enter upon her engagement and fulfill her contract, but that before the opening of the schools the board of school trustees was changed by the election of two new members, and that the board as reorganized repudiated the contract with the plaintiff and employed another teacher in her place, and that the plaintiff had not been able to obtain other like employment, whereby she had sustained damages, etc.

It is conceded that the complaint states facts sufficient to constitute a cause of action within the ruling in *Reubelt* v. *School Town of Noblesville,* 106 Ind. 478. Among other things, the school corporation answered that the persons who assumed to enter into the contract with the plaintiff on behalf of the town, were not the duly elected and qualified school trustees, but were mere usurpers, and that they acted by usur-

pation as trustees for a period of six years prior to the making of the contract. It is averred that while so acting, with knowledge that the town board was about to elect a legal school board, and that the patrons of the school were opposed to the employment of the plaintiff, and for the purpose of forestalling the action of the new board, which was about to be elected, the old board, constituted as above, entered into the contract mentioned in the complaint, which it is alleged they did without any meeting, and while members of the board were not in session.

This answer does not confess and avoid the complaint. It is averred in the complaint that the plaintiff was duly employed by the legally elected and qualified school trustees of the corporation. The averments of the answer are to the effect that she was not legally employed by the board of school trustees. This was nothing more than a special or argumentative denial of the complaint, and having been pleaded after a general denial, under which all the facts averred in the special denial were provable, there was no reversible error in sustaining a demurrer to it. *Henderson* v. *Henderson,* 110 Ind. 316; *Nixon* v. *Beard,* 111 Ind. 137; *Mason* v. *Mason,* 102 Ind. 38. The evidence tends to show that two of the school trustees, who were in office at the time the contract with the plaintiff was made, were duly elected by the trustees of the town of Milford, in 1878, and one in 1880, all of whom qualified and gave bond according to law. No election was afterwards held until in 1886. The old trustees continued to hold over because no successors had been elected and qualified.

The fact that the old trustees or school board continued in office under the circumstances disclosed did not render them liable to the charge of usurpation. Having been duly elected and qualified in the beginning, and having, pursuant thereto, entered upon the discharge of their official duties, they became officers *de jure* as well as officers *de facto,* and so continued until their successors were duly elected and qualified.

Their right to hold over was secured to them by the same authority as was any other part of their term, and their official acts while so holding were as binding upon the corporation as if done during their original term.   *State, ex rel.,* v. *Harrison,* 113 Ind. 434, and cases cited.

The argument that the contract with the plaintiff was void for want of authority on the part of the school board to act for the corporation is not sustained by the evidence, and is therefore unavailing.

The contract of employment is assailed as invalid on the further ground that it never received the concurrent action of the school board as a body, but was acted upon and signed by the trustees separately and severally.

It is undoubtedly true that the individual members of a school board, acting separately, can not legally employ a teacher, nor can they make any other contract binding upon the corporation.   The statute requires that they shall meet within five days after they are elected and organize by electing one of their number as president, one as secretary and one as treasurer, and they are required to keep a record of their proceedings relative to schools.

The individuals composing the board have no power to act so as to bind the corporation, except when they are convened as a board, and any contract made by them when not thus convened, unless it is afterwards fully approved and confirmed when legally in session, is not valid.   *Board, etc.,* v. *Chitwood,* 8 Ind. 504; *Ohio, etc.,* v. *Treasurer, etc.,* 22 Ohio St. 144; *Hazen* v. *Lerche,* 47 Mich. 626.

Nor can the members of a board, by any pre-engagement or contract entered into when not in session, bind themselves afterwards to ratify or confirm any contract or engagement thus entered into.   *McCortle* v. *Bates,* 29 Ohio St. 419.

There was evidence which tended to show that the plaintiff and one of the trustees signed the contract at a time when the school board was not in session.   Afterwards, at a special session of the board, the contract of employment was

approved and signed by one of the other members, and the proceedings of the meeting, the employment of the teacher, and the approval of the contract were duly entered of record. As applicable to the evidence upon this point the court stated the law correctly to the jury, in a charge in which they were told, in effect, that if the plaintiff and one of the members of the board signed the contract before the meeting on April 26th, 1884, and at a called meeting the contract was adopted by the board and signed by another member, it became binding upon the corporation.    *City of Logansport* v. *Dykeman*, 116 Ind. 15.

There was no reversible error in permitting the plaintiff and her husband to testify concerning certain rumors in respect to the purpose of the new board, and that they did not intend to permit the plaintiff to teach.    The most that can be said of the evidence is that it was immaterial.

The contention that the plaintiff recovered upon a theory different from that put forward in her complaint does not seem to be sustained.    Within the principles enunciated in *Reubelt* v. *School Town of Noblesville, supra,* the judgment should be affirmed on the evidence.

The judgment is affirmed, with costs.

Filed Jan. 15, 1891.