## No. 12.

## THE SCHOOL TOWN OF MILFORD v. ZEIGLER.

SCHOOLS.—*De facto Trustees.*—The contract of *de facto* trustees with a teacher is binding upon their school corporation ; and in an action by such teacher on the contract the validity of their acts as officers can not be called in question.

SAME.—*Acquiescence in Illegal Election of Officers.*—After six years of acquiescence and approval on the part of a school town in the election and serving of certain persons acting as school trustees, third persons dealing with them have the right to presume that they are at least officers *de facto.*

SAME.—*Hiring of Teacher by Old School Board.*—A board of school trustees, after their successors have been elected, and before they are entitled to serve as officers, may hire a teacher for the year beginning after their terms of office will expire.

SAME.—*Signing Contract.*—If the school board, in session, hire a teacher, the contract with him may be signed at different times ; and a signing by a majority of the trustees is sufficient.

SAME.—*Abolishing School.—Effect on Teacher's Contract.*—A contract with a teacher to teach can not be annulled by abolishing the school he was to have taught.

SAME.—*Majority of Trustees Sufficient to Make a Contract.*—A contract by two of three trustees, when in session, is valid.

SAME.—*Illegal Design of Trustees.*—A teacher's contract is not void when the trustees have an illegal purpose, or design, in view, if he does not participate in such purpose, or design.

From the Decatur Circuit Court.

*J. K. Ewing, C. Ewing, J. D. Miller* and *F. E. Gavin,* for appellant.

*W. A. Moore,* for appellee.

ROBINSON, J.—This was an action by the appellee to recover damages for breach of contract, entered into between appellee and appellant for services as a teacher in the public schools of Milford.

The material allegations in the complaint are, that the appellant is a school corporation duly organized under and pursuant to the laws of the State of Indiana, by the corporate name of the town of Milford ; that the year ensuing

from 'June, 1885, Jesse Stafford, John Alexander and El-bridge Butler were the acting board of Trustees of said school corporation; that said trustees in session on the —— day of ————, 1886, passed an ordinance, entered of record, employing the appellee to teach in one of the departments of said school of said town, for a period of thirty weeks, of five days each, from the 20th day of September, 1886, at the sum of two dollars per day; that in pursuance of such action, a written contract was executed by and between said Stafford and Alexander, as such trustees, and said appellee, by which she was employed to teach in said school for said school year, to wit, for the period of thirty weeks, and upon the terms aforesaid. A copy of the contract was filed and made a part of the complaint.

That at said time the appellee was a regularly licensed teacher of said county, and held the necessary license and certificate from the county superintendent of schools of said county; that thereafter, to wit, June, 1886, John N. Brindley, James D. Braden and George S. Dickey were elected and qualified as school trustees of said town, reorganizing the board as required by statute, and acted as such board for the year ensuing thereafter; that said new board as thus reorganized repudiated the contract hereinbefore mentioned, and employed other teachers and refused to recognize the plaintiff as a teacher in said school, although she was ready, able and willing to perform her said contract, and so informed said school board, but appellant refused to perform its part of said contract; that said board brought against her no charge or accusation of inability or incompetency, but without any cause whatever violated said contract as aforesaid; and she further says, that the date at which she learned said board had repudiated said contract was at a season of the year when she could not obtain employment as a teacher elsewhere, although she made diligent effort to obtain said employment; that she was compelled to and did lose from her said business as teacher, all of the time of said school year

as aforesaid ; that she held herself in readiness at all times to perform her said contract under the direction of said board, and was damaged, etc.

The appellant demurred to the complaint, which demurrer was overruled, and then answered in four paragraphs : 1st. General denial. 2d. *Non est factum.* 3d. That the incorporated town of Milford did not, by her board of trustees, select or appoint Jesse Stafford and . John H. Alexander to the office of trustees for appellant, but that they, in connection with one Elbridge Butler, executed and filed bonds as such trustees with the auditor of Decatur county, Indiana, more than six years prior to the execution of the contract sued on, and assumed to act as such until the ———— day of June, 1886, without further appointment, selection, qualification, or authority from said town, or any other source ; that in the meantime said town failed to elect or appoint other trustees, and none were elected, appointed, or qualified ; that on the ———— day of ————, 1886, said town did legally elect and appoint John W. Brindley, George S. Dickey, and James D. Braden, who duly qualified and acted as such for the year ending June, 1886 ; that said Stafford and Alexander, knowing of the intention to so elect and appoint school trustees, and knowing said new board would not employ the appellee to teach, combined together for the purpose of forestalling the new board, and for the purpose of defeating the will of a majority of the patrons of said school, and these two, without the knowledge and consent of said Elbridge Butler, who had been acting with them; entered into the contract sued on, which was done without any meeting of the said Alexander, Stafford, and Butler to consider such matter, and without the knowledge and consent of said Butler ; that said Alexander and Stafford acted in bad faith, and hastened to execute said contract for the purpose of thwarting the will of the new board and the patrons of said school ; that said Alexander alone made said contract with the appellee, without the knowledge or consent of either

Stafford or Butler, or without any meeting of said board, and that said Stafford signed the same at another time and place afterwards, without the knowledge and consent of said Butler.

The fourth paragraph contained substantially the same averments as the third, with the additional averment that the appellee, by the contract in suit, was employed to teach an intermediate department, which was, by the trustees, in due course of law, abolished.

The appellee demurred to the second, third, and fourth paragraphs of the answer, which was overruled as to the second, and sustained as to the third and fourth.

Thereupon the appellant withdrew the first and second paragraphs of the answer, and failing and refusing to answer the complaint further, the court rendered judgment in favor of the appellee on demurrer.

The only error assigned is error in the court in sustaining the demurrer to the third and fourth paragraphs of the answer.

The contention is made by the appellant that the trustees who made the contract sued on were usurpers, whose acts are wholly void, whether at the time they were trustees *de jure* or *de facto*, or were intruders.

The answer admits that the trustees whose right is assailed to act executed and filed bonds as such school trustees with the auditor of Decatur county, Indiana, more than six years prior to the execution of the contract sued on, and assumed to act until the — day of June, 1886, without further appointment or selection; that in the meantime said town failed to elect or appoint other trustees, and none were elected; that said town did, in June, 1886, appoint other trustees to act for the ensuing year, commencing from June, 1886.

Under these facts does it not follow, under section 3, article 15, of the Constitution, that the school trustees acting at the time the contract in suit was entered into served until

their successors were elected and qualified, and that their official acts during the six years they served without successors being elected and qualified were binding upon the school town?

Under the facts alleged in the answer said trustees were officers *de facto;* their title could not be attacked collaterally. There is a wide distinction when such questions arise collaterally or by direct proceedings. The law is well settled that the acts and doings of an officer *de facto* are valid so far as the rights of the public or third persons, who have an interest in the acts done, are concerned, and that the title of such an officer, or the validity of his acts as such, can not be indirectly called in question even when he is a party to the record. *Steinback* v. *State, ex rel.*, 38 Ind. 483 ; *Creighton* v. *Piper*, 14 Ind. 182; *Baker* v. *Wambaugh*, 99 Ind. 312; *Bansemer* v. *Mace*, 18 Ind. 27 ; *Blackman* v. *State*, 12 Ind. 556.

It is seen that from 1880 to 1886 said trustees were acting, no other board having been selected. No doubt, at least it is presumably the fact, that during this time they employed teachers, drew and paid out the school fund from year to year, and if their acts were recognized by the town under such circumstances as these it would be a wide departure from the law, as declared in the cases cited, to say that when the contract was made they were usurpers, and acting without color of title.

After six years of acquiescence and approval on the part of the town, third persons dealing with them certainly had the right to presume they were at least officers *de facto*.

It is next claimed by the appellant that the employment of the appellee, by the board that was acting at the time the contract was made, was an effort to forestall the new board. We do not see how this fact, if true, could affect the question, although the contract may be assailed for fraud in so far as the acting board of trustees are connected with it. There is nothing in the answer charging fraud or bad faith

on the part of the appellee. Having reached these conclusions the question now becomes important to inquire whether the school board that was acting when the contract was entered into could bind the school board that was elected to succeed it in June, 1886, when the contract was not to be performed until the September following. We think the case of *Reubelt* v. *School Town, etc.*, 106 Ind. 478, is decisive on this question. The question raised in this case is analogous to the questions determined in the case cited, and under the authority of what is there decided it seems very clear that the new board was bound by the contracts of its predecessors, although such contracts are not to be performed until after the expiration of the term of the old board.

It is claimed by the appellant that the contract was not entered into as a board; that Alexander, one of the trustees, signed it at one time, and Stafford, another trustee, at another time. The signing of the contract at different times can have no material effect upon the question, as the complaint alleges that the board in session passed an order, entered of record, employing the appellee to teach the school, and this is not controverted by the answer. There was an employment, and the subsequent signing at different times by the trustees so signing made no difference. As before seen, the fourth paragraph of the answer is substantially the same as the third, except that in the fourth it is averred that the appellee was employed to teach in an intermediate department which the new board abolished. The appellant does not press this point with much confidence, and confesses to being unable to produce any authority in support of the action of the new board. The contract having been entered into with the school corporation, and being binding on the parties, it could not be impaired or annulled at the pleasure of the town.

The court ruled correctly in sustaining the demurrer to

the third and fourth paragraphs of the answer, and in rendering judgment in favor of the appellee on demurrer.

There is no error in the record for which the case should be reversed, but it should be affirmed, and is affirmed, with costs.

Filed April 16, 1891.