## THE SCHOOL CITY OF LAFAYETTE v. BLOOM.

[No. 2,159.   Filed April 28, 1897.]

SCHOOLS.—*Contract with Teacher.—Power of School Board to Revoke* —A board of school trustees cannot summarily, without cause, revoke a contract of employment made with a teacher before the commencement of the term of service specified in the contract, under a provision in the contract that the employment is subject to the right of the board to remove such teacher at any time upon two weeks' notice. *pp. 466-469.*

PLEADING.—*Answer Must Proceed Upon a Definite Theory.*—An answer in bar must deny, or confess and avoid; it cannot do both. It must proceed upon a definite theory, either of denial of the cause of action, or of confessing it and showing new matter in avoidance. *p. 468.*

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—The longhand manuscript of the reporter's shorthand notes of the evidence and of the exceptions taken during its introduction is not in the record where it is not shown that the same was filed with the clerk before it was incorporated in the bill of exceptions. *p. 469.*

From the Tippecanoe Superior Court. *Affirmed.*

*George P. Haywood* and *Charles A. Burnett*, for appellant.

*R. P. Davidson* and *Thompson & Storms*, for appellee.

BLACK, J.—The appellee, Hattie B. Bloom, in her complaint against the appellant, filed on the 22d day of March, 1895, showed that she was employed by the board of school trustees of the city of Lafayette, on the 31st day of May, 1894, by written contract, to teach in one of the grades in the school buildings of said city for the term of ten months, being the school year commencing on the 10th of September, 1894, at the rate of $50.00 per month. The inability of the appellee to set out a copy of the contract was shown, and

it was further shown that on the 8th of June, 1894, she was notified in writing by the board that her appointment under said contract was revoked, and that her services would not be required the coming school year; that in said notice no cause was assigned for such revocation, and that the revocation was without cause; that at the time of said appointment, and at all subsequent times, she had a license to teach in the common schools of said city, duly granted and issued by the county superintendent of the common schools of Tippecanoe county; that on the 7th of September, 1894, she notified the board that she held herself in readiness to perform her part of the contract and to obey any commands of the board relating to her duties as teacher under said contract, and she demanded of the board to be allowed to occupy her position as teacher under said contract, and notified the board that she would be present at the opening of the schools on the 10th of September and would take charge of her room and perform her duties as teacher; that thereupon the board notified her that it would be useless for her to do so, for they had employed another teacher to take appellee's place, that her services were not needed as a teacher in that school, and that they had no other position as teacher for her. The complaint further showed that the appellee had held herself in readiness, and was still in readiness to teach as directed by the board in accordance with said contract, and alleged that she had been damaged in the sum of $500.00, for which sum judgment was demanded.

The appellant answered by a general denial, and filed a second paragraph of answer, a demurrer to which was sustained. This ruling is assigned as error.

In the second paragraph of answer it was, in substance, alleged, that on the 28th of May, 1894, the appellant entered into a written contract with the ap-

pellee, whereby the latter was appointed as a teacher in the schools of said city at a salary of $50.00 per month, subject to the rules and regulations of the city schools and the laws of the State of Indiana; that said appointment was for no definite time, but was subject to revocation by the defendant upon two weeks' notice to be given the appellee by the appellant; that it was understood between the parties that the services of the appellee as such teacher, if not sooner revoked, were to commence at the beginning of the school year of said city, which commenced September 10, 1894, which written appointment was accepted in writing, with all its conditions by the appellee. A copy of the appointment, with its acceptance by the appellee, is set out in the answer as follows:

"OFFICE OF PUBLIC SCHOOLS. }
LAFAYETTE, IND., May 28, 1894. }

Miss Bloom: At a meeting of the Board of Trustees of the Public Schools of this city, held May 28, 1894, you were appointed teacher at a salary of $50.00 per month, subject to the rules and regulations of the city schools and the school laws of Indiana. This appointment is made subject to your agreeing not to resign from the position without giving this board at least two weeks' notice thereof; and should you resign without giving such two weeks' notice to this board, you to forfeit two weeks of the salary due; and the appointment is also made subject to the right of this board to remove you from the position at any time upon two weeks' notice to you. Please sign your name below, and return this letter within five days, if you accept the appointment.

Yours respectfully,

BARNEY SPITZNAGLE, Secy."

"I accept the appointment subject to all the conditions enumerated above.

HATTIE B. BLOOM."

It was further alleged, that after the making of this contract, not desiring the services of the appellee as such teacher, the appellant revoked the appointment in acordance with the terms of the contract, upon the 9th of June, 1894, and presented to her a written notice to that effect. This notice is set out as follows:

"W. S. WALKER,
W. E. DOOLITTLE,    } Trustees.   EDWARD AYERS,
BARNEY SPITZNAGLE, }                         Supt."

"PUBLIC SCHOOLS, }
LAFAYETTE, IND., June 9, 1894. }

"Miss Bloom: The Board of Trustees of the public schools of this city, Lafayette, Indiana, hereby notify you that, in accordance with the terms of our written communication to you of the 28th of May, 1894, your appointment is revoked, and your services will not be required the coming school year.

Yours respectfully,

BARNEY SPITZNAGLE, SECY."

It was further alleged that the appellee was not employed to teach any particular school, or for and during the school year beginning September 10, 1894; but only for such time as said appointment remained unrevoked; that it was revoked by giving more than two weeks' notice thereof, as aforesaid.

The important question in the case is, whether or not the board had authority thus to revoke the appointment summarily, and without cause.

By the appointment and the acceptance thereof a contractual relation was established. Thereupon, notwithstanding the contract was wholly executory, each party became bound and each acquired rights.

The parties to an executory contract may rescind it

by mutual consent, but they each have a right to insist upon the maintenance of the contractual relation up to the time of performance, as well as the right to performance when the proper time arrives. It is the duty of one who has employed another to receive him into the service; and if he refuse to do so without good cause, this will constitute a breach of contract for which an action will lie. *Hochster* v. *De La Tour*, 2 El. & Bl. 678.

It was said of one employed as a teacher and discharged before the time for the commencement of the service, in *Farrell* v. *School District*, 98 Mich. 43, 56 N. W. 1053: "She had the right to enter upon the service, and have her competency determined by the service rendered." See, also, *Brown* v. *Board of Education*, 29 Ill. App. 572; *Reubelt* v. *School Tp., etc.*, 106 Ind. 478; *School Town of Milford* v. *Powner*, 126 Ind. 528; *School Town of Milford* v. *Zeigler*, 1 Ind. App. 138; *Jackson School Tp.* v. *Shera*, 8 Ind. App. 330.

The authority of the board to employ teachers is given by the statute in general terms, as is the authority to make other contracts. Section 5920, Burns' R. S. 1894 (4444, R. S. 1881); *Reubelt* v. *School Tp., etc.*, *supra*.

We have a statute, section 5988, Burns' R. S. 1894 (4501, Horner's R. S. 1896), providing for the dismissal of teachers in certain cases by a trustee, "but only upon due notice and upon good cause shown."

In *City of Crawfordsville* v. *Hays*, 42 Ind. 200, it was held that this provision has no application to incorporated towns or cities; that there is no statutory provision requiring or authorizing trustees in cities and incorporated towns to dismiss teachers; that the correctness of the action of the trustees in the dismissal of a teacher must be tested by the general principles

of law applicable to the case; and that where a teacher has been employed for a definite length of time and has in all respects fulfilled the contract on his part, and has discharged all the obligations resting upon him as a teacher, he cannot legally be discharged from employment without his consent, until the expiration of the term of his employment.

But it is contended that the action of the board in revoking the appointment of the appellee was within the authority reserved in the contract to remove her from the position upon two weeks' notice. It is sought in the answer to show the rightfulness of the discharge under that provision.

Both of the provisions for notice in the contract before us, contemplated the actual entry of the appointee upon the performance of the service before either of these stipulations would become applicable. The contract conferred upon the appointee a right to assume, not an office, but a place of service, denominated in the appointment as a position, when the proper time should arrive. She was to accept within five days, but there was no provision concerning a relinquishment of the right to enter upon the employment or abandonment of the engagement at any time before the date for entry upon the service; but the contract contained provisions relating to a resignation from the position when the conditions should be such that she would forfeit two weeks' salary then due if she should resign without giving the two weeks' notice, without the giving of which she agreed not to resign from the position. That was the agreed penalty for such resignation as was contemplated by the contract.

A similar intent is apparent in the provision, in the same connection, that the appointment was made subject to the right of the board to remove her from the position at any time upon two weeks' notice to her.

It was to be a notice that two weeks after the giving thereof she would be removed from the position. Manifestly, it was the intent that if she resigned, not in accordance with the contract, she would lose the salary for two weeks already served, but if she resigned in accordance with the contract she would earn and receive two weeks' salary after the notice of her resignation, and that if she were removed in accordance with the contract, she would have the opportunity to serve and earn salary for two weeks after notice of the purpose to remove her. The removal contemplated was not a repudiation of the contract before the commencement of the service. It was spoken of as a removal from the position, and not as a revocation of the appointment. A summary revocation of the appointment without any previous notification was not a removal from the position upon two weeks' notice to her. It matters not that the revocation was in the vacation before the time for commencing the service under the contract. The board had not reserved a right to so revoke the appointment, but had imposed a condition which, being the only reservation, was inconsistent with such a right.

If it be insisted that in the reservation of the right of the board to remove, it was not expressly provided that she should be allowed to go on and earn and receive two weeks' salary after the notice, and that the right was reserved to remove at any time upon such notice, yet the removal was to be from the position which she could not resign without the penalty of loss of salary due, and no right to remove subject to a specified penalty was reserved, but the right was reserved only upon two weeks' notice. The right of removal upon notice merely contemplated by the contract did not exist aside from the contract, and, assuming the binding force of the reservation, a revoca-

tion not covered by it would subject the board to such liability as would exist in case of a revocation in the absence of any reservation concerning revocation or discharge.

It is shown by the answer that the appointment related to a certain school year, in which, beginning at a certain day, she was to hold a position and to teach at a salary of a certain amount by the month, or for each successive month, subject only to the right of removal upon the notice for two weeks given during the course of her services, and to the implied right of removal for sufficient cause.

The complaint proceeds upon the theory that the employment was for a definite period, that the appellee was employed to teach for the term of ten months, being the school year commencing at a specified date; and that the appointment was revoked without cause. The special answer seeks to excuse the revocation by relying upon the terms of the contract. It is also alleged in the answer that the appointment was for no definite time, that the appellee was not employed to teach for or during the school year, but only for such time as the appointment remained unrevoked. And it is not shown in the answer that there was any cause for the revocation.

An answer in bar must deny, or confess and avoid; it cannot do both. It must proceed upon a definite theory, either of denial of the cause of action or of confessing it and showing new matter in avoidance.

If the answer before us be regarded as in confession and avoidance, that is, admitting the material allegations of the complaint, and avoiding them by showing a contract authorizing a revocation of an employment for a definite period by reason of the provision for notice of removal, then, as we have attempted to show, the revocation stated was not within the provision set

forth.  If the answer be regarded as showing a revocation pursuant to a contract which was for no definite time, then the answer would be an argumentative denial, and as the first paragraph was a general denial, there could be no available error in sustaining the demurrer to the second.

If it was intended to plead in confession and avoidance, and to inject into the pleading also a denial, then, if the new matter did not avoid the cause stated in the complaint, the denial could not rescue the pleading from attack by demurrer, where another paragraph of denial remained.

We, of course, do not decide that the board could not revoke an appointment before the commencement of the service, or summarily and without notice remove a teacher, during the course of the service, upon sufficient cause, but there is here no question relating to revocation or removal for sufficient cause.  The appellant's contention is for a supposed right to revoke summarily, at pleasure and without cause, the claim being based upon a contract which did not confer such right.

The overruling of the appellant's motion for a new trial is assigned as error, and in argument it is claimed that the court erred in the admission of certain evidence, and in giving instructions to the jury.

The longhand manuscript of the reporter's shorthand notes of the evidence and of the exceptions taken during its introduction does not appear to have been filed in the clerk's office before it was incorporated in the bill of exceptions containing it.  Under decisions, which have become quite numerous, of the Supreme Court and of this court, the longhand manuscript is not properly before us.

In the absence of the evidence we are unable to see

The Board of Com'rs of Carroll County *et al. v.* Pollard *et al.*

any available error in the instructions discussed by counsel.

The judgment is affirmed.