## HORNBECK ET AL. v. STATE, EX REL. DAVIDSON, TRUSTEE.

[No. 4,869. Filed October 5, 1904.]

SCHOOLS.—*Abandonment.—Incorporated Towns.—Action Against Treasurer for an Accounting.*—An averment in a complaint, in an action on the bond of the treasurer of the school board of an incorporated town, that the town, having then a population of less than 1,500 persons, and having no school indebtedness, did by its board of trustees, through an order by them duly made, abandon and discontinue the management and control of the public schools within such incorporated town, and did likewise, and by such order, abolish the board of trustees therein, whereby the office of treasurer of the board of trustees was abolished, was sufficient, under § 5915b Burns 1901, to show that the office of treasurer was abolished, and to require an accounting from the treasurer. *p. 610.*

SAME.—*Abandonment.—Incorporated Towns.—Indebtedness.*—The conditions, prescribed by § 5915b Burns 1901 for the abandonment of the management of the schools of an incorporated town of less than 1,500 inhabitants, do not exist, where it appears that the town is liable to certain school teachers for damages sustained by breach of its contract employing them to teach its schools at the time of an attempt to abandon the management of the schools of the town; since such liability constituted an "indebtedness" within the meaning of the statute. *pp. 612–614.*

From Greene Circuit Court; *O. B. Harris*, Judge.

Action by the State of Indiana, on the relation of George Davidson, trustee of Washington township, Greene county, Indiana, against Francis M. Hornbeck and others. From a judgment in favor of relator, defendants appeal. *Reversed.*

*C. E. Henderson, W. L. Cavins, T. E. Slinkard* and *W. L. Slinkard,* for appellant.

*C. E. Davis* and *W. V. Moffett,* for appellee.

ROBY, P. J.—Action. by the State of Indiana, on the relation of George Davidson, trustee of Washington township, Greene county, Indiana, against appellant Hornbeck as principal and his co-appellants as sureties, upon the official bond of said Hornbeck as treasurer of the incorporated town of Lyons in said county.

The complaint is in one paragraph. To it a demurrer was overruled. The breach of the bond counted upon was in failing to pay over to the relator certain moneys received as treasurer of said board, the right of the relator thereto arising from the alleged fact "that on the — day of July, 1903, the said incorporated town of Lyons, having then a population of .less than 1,500 persons, by the last preceding census, and having no school indebtedness, did by its board of trustees, through an order by them duly made and entered of record, abandon and discontinue the management and control of the public schools within such incorporated town, and did likewise and by such order abolish the board of trustees therein, whereby the office held by said Hornbeck was abolished, annulled, and vacated, and said Hornbeck became liable to pay to this plaintiff, for the use of the common schools of said school township of Washington and the said incorporated town of Lyons, the said amount of money received by him as above alleged." Other averments, essential to an action founded upon an official bond, were contained in the pleading.

The board of trustees of an incorporated town, under the conditions alleged, was authorized by statute to take the action which is alleged to have been taken. §5915b Burns 1901, Acts 1899, p. 373.

As a matter of pleading the averment was sufficient to show that the office of treasurer was abolished, and to require an accounting from the treasurer, and the ruling upon the demurrer was therefore correct.

A separate answer in two paragraphs was filed by appellant Hornbeck, and a joint answer in two paragraphs by

his co-appellants. The first paragraph of each answer was in general denial, and the second paragraph thereof contained averments designed to negative the alleged action of the town board aforesaid. Demurrers were sustained to the second paragraph of both pleadings, and in this also the ruling of the court was correct. The abandonment and discontinuance of the management and control of the schools by said town, and the abolishment of the board of school trustees, were facts which, under the averments of the complaint, it devolved upon the plaintiff to establish. The general denial by the defendants made an issue under which, without other pleadings, the appellants were entitled to introduce evidence exhibiting all the facts connected with the action of the board in said behalf. The cause was tried without a jury; a special finding of facts made and conclusions of law stated thereon. Appellants' motion for a new trial was overruled. Judgment was rendered in accordance with the conclusions of law for $901.87, which was the total amount of money received by said Hornbeck as school treasurer of said town.

The plaintiff, by bringing this action upon the official bond of the school treasurer, and basing his right to recover, as he does, upon abandonment by the town of control over the schools, recognizes the incorporation of the town, the appointment of the board, and the election of the school treasurer. §5915 Burns 1901; _Woolverton_ v. _Town of Albany_, 152 Ind. 77.

It is immaterial how long such town had been incorporated or such board organized. Its right to the school property and the control of the schools vested when the incorporation was complete. _Board, etc._, v. _Center Tp._, 143 Ind. 391; _Carson_ v. _State, ex rel._, 27 Ind. 465; _State, ex rel._, v. _Shields_, 56 Ind. 521; _School Town of Leesburgh_ v. _Plain School Tp._, 86 Ind. 582.

Changes in the membership of the town board do not affect the action taken by it. "Trustees may come and go,

but the school township [incorporated town] goes on forever." *Sparta School Tp.* v. *Mendell,* 138 Ind. 188, 195.

The right to abandon control is by §5915b, *supra,* made dependent upon the following conditions: (1) That the corporation has no school indebtedness; (2) that its inhabitants do not exceed 1,500, as shown by the last preceding census.

The seventh finding of fact is as follows: "That at the time of the passage of the ordinance and resolution in finding number six hereof, and at all times before said time and since said time, the said town had less than 1,500 inhabitants, and at the time of the passage of said ordinance and resolution aforesaid the said school town of Lyons owed no debts and at said time had no school indebtedness." This finding, in so far as it relates to the number of inhabitants in said town, is in accord with the evidence. The fourth finding is as follows: "That on the 12th day of June, 1902, the said board of school trustees, assuming to act as aforesaid, entered into and executed instruments in writing between themselves as board of school trustees and Win Hornbeck, Mary Mitten, and Joseph Haseman as teachers, purporting to employ said persons to teach in the schools of said town of Lyons, Indiana, for an agreed compensation, for the ensuing school year, and that no service was ever performed by any of said persons under said writings between said board and said persons, and that no claim has ever been made by any of said persons under said writings as aforesaid for any breach thereof."

It was established by the evidence, without any conflict, that the school board of said town had, prior to July 21, the time referred to by finding number seven, employed three teachers for the coming term of school, and had entered into written contracts with each of them to teach the schools of said town. It further appears that the relator caused said schools to be taught by other persons,

and it does not appear that any action has been brought for damages on account of the breach of said contracts, but subsequent facts are not material to the existence or nonexistence of an indebtedness at the time action was taken by the town board as aforesaid. The contracts referred to were within the authority of the board to make, and were binding upon the parties. *School City of LaFayette* v. *Bloom,* 17 Ind. App. 461.

A teacher has a right to recover damages suffered by reason of the breach of a contract of employment by the school board. *School Town of Milford* v. *Zeigler,* 1 Ind. App. 138; *School Town of Milford* v. *Powner,* 126 Ind. 528; *Reubelt* v. *School Town of Noblesville,* 106 Ind. 478; *Sparta School Tp.* v. *Mendell, supra; School City of LaFayette* v. *Bloom, supra.*

It was not within the power of the board to annul the contract by abolishing the school that the teachers had been employed to teach. *School Town of Milford* v. *Zeigler, supra; School City of LaFayette* v. *Bloom, supra.* The school town was, therefore, at the time referred to, under contract obligations for the breach of which it was liable to respond in damages, and upon the fulfilment of which it would be bound to pay the contract price. The statement in the special finding that the town was "not indebted" is evidently founded upon the legal assumption that such contract obligation is not equivalent to the "indebtedness" specified in the statute.

Judicial definitions of the term "debt" and "indebtedness" are numerous. They must be read in connection with the facts out of which their necessity arose. These vary greatly. In a broad and general sense a debt is whatever one owes. In a purely technical sense it is that for which an action of debt will lie; a sum of money due by certain and express agreement. A debt is not a contract, but it may be the result of a contract. It is elemental that one who disables himself from performing a contract

thereby releases the obligee from the necessity of demand or performance, and gives to him an immediate right of action for the breach. Hughes, Contracts, 400, 401; Bishop, Contracts (2d ed.), §1426; Clark, Contracts, §272; *Roehm* v. *Horst*, 178 U. S. 1, 44 L. Ed. 153, 20 Sup. Ct. 780.

If the school board were dissolved, the town would then be voluntarily incapacitated from performing the contracts theretofore made by it, and it would also be immediately indebted to the contracting parties within the most technical definition of the term. "The creation, enlarging, and contraction of the boundaries of municipal corporations are legislative and not judicial functions," which may be exercised through the enactment of general laws. *Woolverton* v. *Town of Albany*, 152 Ind. 77; Smith, Mun. Corp., §478. The principle applies to proceedings for the relinquishment of corporate rights.

The legislature may repeal the charter of a municipal corporation at discretion, but its power is limited in that it can not impair the obligation of existing contracts, or deprive creditors of the municipality of any remedy for enforcing such contracts which existed when they were made. Smith, Mun. Corp., §486; Dillon, Mun. Corp. (4th ed.), §§167, 173.

In so much as the legislature can not impair the validity of a contract or take away the remedy for its enforcement, it is to be presumed that it did not intend to do so, and the word "indebtedness," as used in the statute under consideration, should be liberally defined in accordance with the legislative intent which evidently was to make the right of renunciation dependent upon the absence of such obligations. The town takes the school property free from debt *(Board, etc.,* v. *Center Tp.,* 143 Ind. 391), and before it can relinquish its trusteeship its accounts must be absolutely balanced. It follows that the conditions prescribed by the legislature are not shown to have existed,

and the burden of establishing them having been upon appellee, the special findings of fact, being at least in conflict, are not sufficient to sustain the conclusions of law.

The judgment is reversed, and the cause remanded, with instructions to restate the conclusions of law in accordance herewith, and render judgment thereon for the defendant.