## ELECTRIC REDUCTION CO. v. LEWELLYN, Collector of Internal Revenue.

(Circuit Court of Appeals, Third Circuit. February 27, 1926.)

No. 3408.

1. Internal revenue ☞7—Purchaser unsuccessfully trying to recover amount of trade acceptance after failure to ship ore held to have sustained "loss" deductible from income for year in which sent, though amount was not charged off books until later (Revenue Act 1918, § 234, subd. a [4] and [5], being Comp. St. Ann. Supp. 1919, § 6336⅛pp).

Ore purchaser, who, in 1918, relying on telegram that car was to be shipped, which was never done, sent trade acceptance to seller, and, after unsuccessful efforts to recover amount, less value of ore shipped by litigation, charged it off its books in 1922, sustained a "loss" in 1918, within Revenue Act 1918, § 234, subd. a (4), being Comp. St. Ann. Supp. 1919, § 6336⅛pp, and could deduct amount from income for that year, as it was not a "bad debt" within subdivision a (5); failure to keep what one has being a loss.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Loss.]

2. Statutes ☞245.

Doubt in construing taxing statute should be resolved against government and in favor of taxpayer.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by the Electric Reduction Company against C. G. Lewellyn, Collector of Internal Revenue. Judgment for defendant (8 F. [2d] 91), and plaintiff brings error. Reversed, and new trial granted.

S. Leo Ruslander, of Pittsburgh, Pa. (George K. Warn and Samuel Kaufman, both of Pittsburgh, Pa., of counsel), for plaintiff in error.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, Solicitor of Internal Revenue, and Irwin R. Blaisdell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. [1] On July 2, 1918, plaintiff below, Electric Reduction Company, agreed to purchase from one Jouravleff 150 to 175 tons of tungsten ore. Jouravleff was to ship a car of 30 to 35 tons each month, beginning in August, 1918. The plaintiff was "to establish immediately a banker's acceptance for $30,000 in favor of the seller for 60 days to cover and to be deducted from the first car shipped. A like acceptance to be issued, if necessary, on each following car." On August 29, 1918, Charles Hardy, who represented Jouravleff, telegraphed the Reduction Company: "Reference contract Jouravleff shipment one car to be made to-day." The Reduction Company, relying upon the truth of the telegram, thereupon sent its trade acceptance for $30,000 to Jouravleff. The car of ore was not shipped that day nor at any other time. However, ore to the value of $2,784.65 was subsequently shipped. Jouravleff negotiated the trade acceptance to an innocent holder for value, and so the plaintiff had to pay it at maturity. The plaintiff brought suit against Jouravleff and Hardy, who had guaranteed the payment, for the amount of his loss, $27,205.35, but they were financially irresponsible. This litigation lasted until 1922, when the plaintiff charged off the amount on its books, and amended its tax return for 1918. The commissioner of internal revenue denied the right to charge off this loss for 1918, and assessed additional taxes, which were paid under protest. A return was demanded, but was refused, and thereupon this suit was brought. The case was tried by agreement before the court without a jury. Judgment was entered against the plaintiff.

The question is whether or not this so-called loss comes within subdivision 4 or 5 of section 234 (a) of the Revenue Act of 1918. The Act provides as follows:

"Section 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

"(5) Debts ascertained to be worthless and charged off within the taxable year." 40 Stat. 1057 (Comp. St. Ann. Supp. 1919, § 6336⅛pp).

If the $27,205.35 is a "loss" within the meaning of subdivision (a) (4), it may be deducted from the income of 1918, as it was actually "sustained" in that year. If it was a bad "debt" within the meaning of subdivision (a) (5), it may not be deducted from the income of that year because it was not "ascertained to be worthless and charged off within the taxable year" of 1918.

According to the original return, the company was liable for a tax of $8,183.63. If the $27,205.35 had been allowed as a loss sustained in the year 1918, the tax for that year would have been reduced to $1,132.78.

Congress doubtless had in mind a distinction between a loss and a worthless debt. Every worthless debt is a loss, but not every loss is a worthless debt. Every worthless debt is allowed as a deduction, if it is ascertained to be worthless, and is charged off within the taxable year. So far as allowance as a deduction is concerned, a loss and a worthless debt amount to the same thing, if the latter is charged off in time.

Words do not always mean the same thing. "A word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances in which it is used." Lamar v. United States, 36 S. Ct. 255, 240 U. S. 60, 60 L. Ed. 526. The word "debt" has no fixed legal meaning as does the word "contract." Alimony is sometimes said to be a debt and sometimes not a debt. The word has several recognized meanings which vary greatly according to the subject-matter and language used in connection with it. Hornbeck v. State, 71 N. E. 916, 33 Ind. App. 609; McNeal v. Waco, 33 S. W. 322, 89 Tex. 83; In re Nowell (D. C.) 99 F. 931. Bouvier says a debt is "a sum of money due by certain and express agreement." Neither does the word "loss" have a hard and fast meaning. "Failure to keep that which one has is a loss." Foehrenbach v. German-American Title & Trust Co., 66 A. 561, 217 Pa. 332, 12 L. R. A. (N. S.) 465, 118 Am. St. Rep. 916. There are many kinds of loss: Money out of pocket; a judgment, changing the status from solvency to insolvency. Schambs v. Fidelity & Casualty Co., 259 F. 55, 58, 170 C. C. A. 55, 6 A. L. R. 1231. In some cases the words "loss" and "debt" are interchangeable, but in others they are not. Mercantile Credit Guarantee Co. v. Wood et al., 68 F. 529, 533, 15 C. C. A. 563. Again "loss" may be synonymous with "destruction"—loss or destruction of property. Hawkins v. Haynes, 71 Ga. 40; Richmond & D. R. Co. v. White, 15 S. E. 802, 88 Ga. 805.

Some definitions of "loss" cover the transaction in question. The plaintiff failed to

keep what it had, and parted with it through fraud and misrepresentation. On the other hand, there are definitions of "debt" which do not include this transaction. The $27,205.35 was not due the plaintiff by a "certain and express agreement." At no time did Jouravleff, by a "certain and express agreement," promise to pay anything. He promised to send ore, not to pay money, and, because he did not keep that promise, the plaintiff sustained a loss. Some losses, such as the loss of a building by fire, may be "compensated for" by insurance. Others, such as the loss of a bad account, may be "compensated for" "otherwise" by the guaranty of a factor or in some other way. The plaintiff did not lose the entire $30,000, but it did lose $27,205.35, which was not compensated for by insurance or otherwise.

The loss was sustained in 1918, the taxable year. In that year the money was paid, and was never recovered. That the plaintiff was engaged in litigation three or four years in an effort to recover it, and did not charge it off until 1922, do not change the fact nor time of the loss. The entry of the charge off was a mere bookkeeping transaction. It neither created nor changed any fact. It simply recorded the fact which had existed for four years. Baldwin Locomotive Works v. McCoach, 221 F. 59, 60, 136 C. C. A. 660; Doyle, Collector, v. Mitchell Brothers Co., 38 S. Ct. 467, 247 U. S. 179, 62 L. Ed. 1054.

[2] In the construction of a taxing statute, doubts should be resolved against the government and in favor of the taxpayer. American Net & Twine Co. v. Worthington, 12 S. Ct. 55, 141 U. S. 468, 474, 35 L. Ed. 821; Benziger v. United States, 24 S. Ct. 189, 192 U. S. 38, 55, 48 L. Ed. 331; Gould v. Gould, 38 S. Ct. 53, 245 U. S. 151, 62 L. Ed. 211. It is not clear to us that the term "losses" in subdivision (a) (4) of section 234 of the act does not include the loss of the $27,205.35. Therefore the judgment of the District Court is reversed and a new trial granted.