ANDREW M. WAIT, Respondent, *v.* GEORGE W. RAY, as Sole Trustee, etc., Appellant.

The power given to school district trustees to contract with and employ teachers (chap. 555, Laws of 1864) is not limited to an employment during the trustees' term of office; but a contract with a teacher for a period extending beyond their term, if made in good faith, without fraud or collusion, and for a reasonable period, is valid and binding upon their successors.

(Argued June 19, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of defendant, entered upon an order denying a motion for a

new trial and directing judgment upon a verdict. (Mem. of decision below, 5 Hun, 649.)

This action was brought to recover damages for an alleged breach of a contract, under and by which plaintiff was employed to teach the district school in District No. 3, of the town of Norwich, Chenango county. The facts sufficiently appear in the opinion.

*George W. Ray* for the appellant. The trustee of a school district has no authority to hire a teacher for a term to commence after his term of office has expired, and bind his successors in office or the district. (*Taylor* v. *School Com. No. 17*, 5 Jones' Law, 98; 2 R. S. [Banks' ed.], 131, § 210; Dillon on Munic. Corps., 32, 33; School Code [1868], p. 400; *Williams* v. *Keech*, 4 Hill, 168; 23 Barb., 176; 7 Wend., 183; 8 Foster [N. H.], 58; 11 Mass., 198.)

*Isaac S. Newton* for the respondent. The contract of the trustee was binding upon the district and his successors in office. (7 Wend., 181; 4 Hill, 168; *Gillis* v. *Space*, 63 Barb., 177; Laws 1864, chap. 555, § 48, sub. 9; School Code [1868], 127, §§ 30, 32; *Williams* v. *Vil. of Dunkirk*, 3 Lans., 51; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 49, 50; *Feeny* v. *Fire Ins. Co.*, 2 Robt., 60; *Wilt* v. *Mayor, etc.*, 5 id., 259.)

EARL, J. In October, 1871, Ransom C. Cox was elected sole trustee of the school district, and his term of office expired on the second Tuesday of October, 1872. In March of the latter year, he made an agreement with the plaintiff, hiring him to teach the district school for three terms, as follows: First term, of fourteen weeks, to commence March twenty-seventh; second term, of fourteen weeks, to commence August nineteenth, and the last term, of sixteen weeks, to commence in December. There was to be a short vacation after each term, and plaintiff was to receive sixteen dollars per week. Plaintiff taught the first two terms and was paid for them, the last

of said terms closing November twenty-third.    At the annual school meeting on the second Tuesday of October, 1872, W. H. Sternberg was elected trustee of the district, and he held office until May thereafter, when the defendant, Ray, was appointed in his place.    The trustee, Sternberg, refused to permit the plaintiff to teach the third term, and employed a new teacher for the school, and this action is brought by the plaintiff to recover the damages sustained by him for the breach of the contract made with him by the trustee, Cox.

The main ground upon which this action is defended is, that the trustee, Cox, had no authority to hire a teacher for a period extending beyond his term of office, and this contention of the defendant presents the principal question for our consideration.

School districts are *quasi* corporations, and trustees are officers of them, and when they act officially and within their jurisdiction they bind the corporation which they represent, and their legal contracts can be enforced against their successors in office.    (*Silver* v. *Cummings*, 7 Wend., 182; *Williams* v. *Keech*, 4 Hill, 168.)    Trustees have power "to contract with and employ all teachers in the district school or schools."    (Laws of 1864, chap. 555, p. 1253.)    This power is general and unlimited.    If it had been intended that the contracts which they are authorized to make should not extend beyond their term of office, this general language would have been limited.    The school year commences with the first day of October and ends with the thirtieth day of September in each year (Laws of 1858, chap. 151, § 1); and the term of office of a sole trustee is one year, extending from the annual meeting on the second Tuesday of October to the next annual meeting on the same day.    (Laws of 1864, chap. 555, pp. 1241, 1247.)    It would certainly be found quite embarrassing frequently if no one had the power, prior to the second Tuesday of October, to employ a teacher for the remainder of the fall and winter, and to have the school brought to a stop at that unusual time.    The office of trustee may become vacant by death, refusal to serve, incapacity, removal from the district

or removal from office, and his term of office may thus be curtailed. And it would be a strange construction of the statute which would terminate the teacher's contract with every such termination of the trustee's office. The power to employ teachers is, therefore, very wisely made general; and a contract for one year or more, if made in good faith, and without fraudulent collusion, must be held binding. This power, like every other power confided to public officers, may be abused, but the fact that it may be abused furnishes no argument against its existence. The danger of abuse is, however, very small, as a hiring for an unusual time would be strong evidence of fraud and collusion; and if a teacher, under such circumstances, should persist in teaching against the protest of the district, the State superintendent might find cause to annul his certificate, and thus terminate his employment. (Laws of 1864, chap. 555, p. 1215.)

The contention of the defendant would be more plausible if there were a general rule that public officers could make contracts to continue only during their terms of office, but there is no such general rule; and as to officers who have general powers to contract, unless there is some limitation of their power, their contracts may extend beyond their terms, and bind their successors. The public exigencies demand that public officers should be clothed with such power, and protection against its abuse is found in official integrity, which is the rule rather than the exception, and also in the fact that contracts, the offspring of fraud or collusion, may be safely repudiated.

The view thus taken of the statute is sanctioned by the opinion of a learned court in *Gillis* v. *Space* (63 Barb., 179).

We have carefully examined the other exceptions to which our attention has been called, and it is sufficient to say of them that they are not well taken.

The judgment should be affirmed, with costs.

All concur, except CHURCH, Ch. J., dissenting; ANDREWS, J., absent.

Judgment affirmed.