Filed May 24, 1886.

106　478
126　529
106　478
130　10

No. 12,662.

## REUBELT v. THE SCHOOL TOWN OF NOBLESVILLE.

Town.—*School Trustees.—Contract with Teacher Prior to Election of New Member of Board, to be Afterwards Performed.*—A contract made by the board of school trustees of an incorporated town with a school superintendent, prior to the annual election, in June, of a new member of the board and the reorganization required by statute, for services to be performed after the election of such member, is valid and binding on the school corporation.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig*, for appellant.

*J. R. Christian, W. S. Christian, T. J. Kane* and *T. P. Davis*, for appellee.

ZOLLARS, J.—The school trustees of the town of Nobles-ville, in session on the 4th day of May, 1885, passed an order which was entered of record, employing appellant as super-intendent and teacher of the Noblesville schools for the school year commencing on the 14th day of September, 1885, for the sum of $950 for the year.

In pursuance of that action, a written contract was drawn up and signed by the parties. In June following, a new trus-tee was elected in place of one in office when the contract was made, and whose term had expired. After the election of the new member, and the reorganization, as required by the statute, the board, as thus reorganized, repudiated the ac-tion of the board in May, and the contract with appellant in pursuance thereof, as illegal and void, passed an order em-ploying another superintendent, and gave notice to appellant that he should not act as superintendent and teacher in the school, and henceforth refused to recognize him as such.

This action by appellant is to recover damages resulting from the breach of his contract with the board.

The case in behalf of appellee is rested upon the following section, R. S. 1881:

" 4439. School trustees in cities and towns. 5. The com-mon council of each city and the board of trustees of each incorporated town of this State shall, at their first regular meeting in the month of June, elect three school trustees (who shall hold their office one, two, and three years respec-tively, as said trustees shall determine by lot at the time of their organization), and, annually thereafter, shall elect one school trustee, who shall hold his office for three years. Said trustees shall constitute the school board of the city or town; and, before entering upon the duties of their office, shall take an oath faithfully to discharge the duties of the same. They shall meet within five days after their election, and organize by electing one of their number as president, one as secretary, and one as treasurer. The treasurer, before entering upon the duties of his office, shall execute a bond, to the accept-

ance of the county auditor, conditioned as in ordinary offi-
cial bonds, with at least two sufficient freehold sureties, who
shall not be members of said board, in a sum not less than
double the amount of money which may come into his hands,
within any one year, by virtue of his office.   The president
and secretary shall each give bond, with like sureties, to be
approved by the county auditor, in any sum not less than
one-third of the treasurer's bond.   All vacancies that may
occur in said board of school trustees shall be filled by the
common council of the city or board of trustees of the town;
but such election to fill a vacancy shall only be for the un-
expired term.   The board of school trustees shall, each year,
within five days after the annual election of a member, re-
organize their board and execute their respective bonds for
the ensuing year.   Said trustees shall receive for their ser-
vices such compensation as the common council of the city
or the board of trustees of the town may deem just; which
compensation shall be paid from the special school revenue
of the city or town."

It is contended in behalf of appellee, that considerations
of public policy, and a proper construction of the above stat-
ute, require a holding that the contract was and is invalid,
for the reason that the board of school trustees, as then con-
stituted, had no authority to employ a superintendent, and
thereby bind the school corporation, and forestall the board
as constituted after the election of the new member.

This contention is based upon that part of the above sec-
tion of the statute which requires that " The board of trus-
tees shall, each year, within five days after the annual election
of a member, reorganize their board and execute their re-
spective bonds for the ensuing year."

The reorganization of the board, as required by the above
statute, is not, in legal contemplation, the creation of a new
board, as distinguished from an old board.   The board of
school trustees is a continuing body, just as a common council
of a city is a continuing body.   The members change with

the expiration of terms and the election of new members; but, together, the members constitute the board of school trustees which represents the school corporation. The chief purpose of electing one of the members each year was to make the body a continuing body. Three members constitute the board. There are three offices within the body to be filled, one by each member. When a member goes out, there is a vacancy, and when a new member comes in, of necessity there must be a new election.

The statute provides, in effect, that the terms of each office within the board shall be but one year; and hence, when a new member comes in, the election is to fill all three of the offices. Each member so elected must give a bond. This election is called the reorganization, but manifestly the legal entity of the board is not thereby changed.

The question, therefore, is not as to the authority of one board to bind the corporation by a contract to be performed after that board shall have ceased to exist, and another shall have been organized, but whether the board of school trustees can bind the school corporation by contracts which are not to be performed until after the time when a new member of the board is to be elected. That such contracts of the school board bind the corporation generally, there can be no question. If this were not so, contracts for school furniture and school houses would come to an end with the expiration of the term of one of the trustees.

The authority of the board of school trustees to employ teachers, and a superintendent of the schools in the town or city, is given in general terms, just as the authority to make other contracts is given.

"The trustees shall take charge of the educational affairs of their respective townships, towns, and cities. They shall employ teachers," etc. Section 4444, R. S. 1881.

"The school trustees of incorporated towns and cities shall have power to employ a superintendent for their schools, * *

and to prescribe his duties, and to direct in the discharge of the same." Section 4445, R. S. 1881.

There is nothing in this grant of power to employ teachers and a superintendent, which in any way limits the authority of the board of trustees to contracts that are to be performed during the existence of any particular organization of that body. The simple fact that reorganizations are provided for, we think, clearly does not impose a limit upon the general grant. We are constrained, therefore, to hold that the contract in suit is valid and binding upon the corporation. This conclusion is fully supported by the case of *Wait* v. *Ray*, 67 N. Y. 36.

It may be that instances will occur when the authority to employ teachers and superintendents in advance of the incoming of a new member of the board may be abused, but the possibility is not very great, as but one member goes out at a time. But the fact that the authority may be abused, is not a sufficient reason for holding that it does not exist. On the other hand, desirable teachers and superintendents might be lost to the schools, if the board were not authorized to employ them until after the election in June.

Some Illinois cases are cited in support of appellee's contention. It was held in those cases, that the school directors could not, in advance of the election of a new member, employ teachers to teach the schools subsequent to such election. Those cases, however, rest upon the statute of that State, which is materially different from ours. There, the beginning of the school year seems to have been fixed by statute. The directors were elected by the people at a stated time. They reported to the people at the annual election, and at that election, the people determined what branches should be taught in the schools for the ensuing year. Upon a consideration of the whole statute, and in view of the fact that the directors could not intelligently employ a teacher until it should be known what branches the people, at the election, might determine to have taught during the school year com-

mencing with the election, it was held that the teachers for that year should be, and could only be, employed by the directors after the addition of the new members. *Stevenson* v. *School Directors, etc.,* 87 Ill. 255.

The judgment is reversed at the cost of appellee, and the cause is remanded with instructions to the court below to overrule the demurrer to the complaint.

