## GATES V. SCHOOL DISTRICT.

Decided October 25, 1890.

*Single school district—Board of directors—Power to employ superintendent.*

The power conferred upon the board of directors of a single school district to employ a superintendent of the schools (Mansf. Dig., sec. 6265) is not limited to an employment during the term of office of such directors; and there is no law that forbids the board to make a contract for a superintendent for a term beginning after some members of the board go out of office.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge,

Action by appellant against the single school district of Fort Smith to recover his salary as superintendent of schools. Substantially the facts, as found by the court, were as follows: Defendant's board of directors, on May 3, 1888, elected plaintiff as such superintendent for the next ensuing year, that is, from July 1, 1888, to June 30, 1889, and fixed his salary. The annual election of two members of the board was held on May 19, 1888, and two new directors were elected. Plaintiff presented his accounts for the first two months' salary to the school board which was disallowed.

Judgment for the defendant, the court holding "that under the school law no valid contract to be wholly executed in the future for hire of superintendent and teachers can be made before the annual election and before the new board shall organize and determine the length of time the school shall be taught in the ensuing year, and any such contract, no matter how made, is not binding in the school district."

*E. E. Bryant* for appellant, *J. B. McDonough* and *Clayton, Brizzolara & Forrester*, of counsel.

1.   The judgment below was predicated solely upon the

proposition that appellant's election was invalid, because had prior to the incoming of two of the six directors elected at the annual election held May 19, 1888, under sec. 6260, Mansfield's Digest, and the reorganization under sec. 6263. The only authorities cited to sustain this are 87 Ill., 255; 92 Ill., 293. Against the proposition are 106 Ind., 480; S. C. in 7 N. E. Rep., 206; 67 N. Y. 38; 7 Wend., 182; 4 Hill., 168; 63 Barb., 178; 44 Mich., 500; 16 Wis., 337; 13 Iowa, 555; 5 Hun, 649; 29 Hun, 606. The board is a continuing body, and can bind their successors. Blackst., Com., book 1, p. 88. See also 96 U. S., 341, 351; 47 Ark., 270; 48 Ark., 254; 36 Ark., 577; 98 U. S., 621; 1 McCrary, 78.

*J. L. Hendricks, B. H. Tabor, Ben T. Duval, T. S. Osborne* for appellee.

1.  The board has the power to appoint or employ a superintendent. Mansf. Dig., sec. 6265. All teachers must have a certificate, and be duly licensed, and there must be an agreement in writing. Mansf. Dig., secs. 6214, 6265; 87 Ill., 256; 15 Ill., 65; 16 Ill., 147; 39 Ill., 101; 71 Ill., 532.

2.  The scholastic year is fixed by statute. Mansf. Dig., sec. 6266. The board had no power to employ appellant under a contract to be performed in the succeeding school year. An existing board cannot bind its successors by electing a superintendent whose employment commences at a time beyond the expiration of the current school year. 87 Ill., 255; 92 Ill., 293; Mansf. Dig., secs. 6265-6, 6163, 6276, 6229, 6227, 6218, 6199; 51 Mo., 21; 5 Jones L. (N. C.), 98.

An unauthorized contract may be ratified, but the contract must be one which could have been legally executed by the contracting parties at the time. 40 Mich., 429; 10 Wall., 676.

HEMINGWAY, J.   The learned judge, who tried this case below, proceeded upon a mistaken view of the law.   He held

that under the law no valid contract of hire of a superintendent by the school board. to be wholly executed after the next annual election, could be made before the annual election or before the new board of school directors should organize.

The statute provides that the "board of directors shall have power to employ a superintendent of the schools." The power is granted in the broadest terms, without placing any limitation or restriction upon its exercise.

Superintendent of schools—Power of board of directors to employ. In the case of *Stephenson v. School Directors*, 87 Ill., 255, the Supreme Court of Illinois, in a case involving a contract with a teacher, decided, under a statute somewhat similar to ours, that the power was thus limited; but the decision was placed upon the ground that the meeting which chose directors determined what should be, taught in the schools, and that it was a necessary inference that no contract could be made until it was known what service was to be contracted for. No such reason can be found for that conclusion in our statute, for nothing happens at the school election that affects the terms, character or duration of the contract with a superintendent.

It is contended that the selection of superintendents during each year should be left to the exclusive control of the board for that year. As a matter of policy, an argument might be made upon either side of that contention. There is nothing in the law to sustain the affirmative. Public interest might suffer from unwise contracts covering an extended term in future; they might suffer equally for want of power to make a contract when a good opportunity offered. But with the question of poliey we have no concern, except in so far as it aids in ascertaining legislative intent. There is nothing in the act that implies that the legislature intended either more or less than it said. We therefore conclude that the act furnishes an accurate expression of legislative intent, and that there is no law that forbids the school board to make a contract for a superintendent for a term beginning

after some members of the board go out of office. This conclusion is sustained by the weight of authority as well as by reason. *Reubelt v. Noblesville*, 106 Ind., 480; *Wait v. Ray*, 67 N. Y., 38; *Tappan v. School District*, 44 Mich., 500; *Webster v. School District*, 16 Wis., 337.

On the facts found by the court below, there should have been a judgment for the appellant. The judgment will therefore be reversed, and judgment entered here in accordance with said finding.