### CALDWELL v. SCHOOL DIST. NO. 7 OF LAKE COUNTY.

(Circuit Court, D. Oregon. March 1, 1893.)

No. 1,945.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' CONTRACTS—DURATION.
   In the absence of statutory limitations, a school district can enter into a contract of employment with a teacher for the period of two scholastic years, though such contract extends beyond the term for which some of the directors were elected.

2. SAME—COMPENSATION—CERTAINTY.
   Such contract is not void for uncertainty where the stipulation for the teacher's compensation provides that he shall receive the same salary for his services as was established at that date for like services by the school district within which the city of Portland is situated.

At Law. Action by C. J. Caldwell against School District No. 7, of Lake county, Oregon, to recover for breach of contract. Defendant demurs. Demurrer overruled.

James F. Watson, for plaintiff.
Earl C. Bronaugh, for defendant.

GILBERT, Circuit Judge. The plaintiff sued School District No. 7, of Lake county, upon a contract made on June 1, 1889. The questions presented in this case on demurrer to the complaint are—First, whether under the laws of Oregon a school district can enter into a contract of employment with a teacher for the period of two scholastic years; and, second, whether such a contract is void for uncertainty if the stipulation for the teacher's compensation provides that he shall receive the same salary for his services as was established at the date of the contract for like services by the board of directors of the school district within which the city of Portland is situated.

It is contended on behalf of the defendant that the school directors have not power to enter into a contract extending

further into the future than the term for which all the members of the board hold their office. In support of this view citation is made to decisions of the state courts of Illinois. Undoubtedly that doctrine is supported by the decisions of that state. An examination into the grounds of those decisions, however, discloses the fact that they are based upon the interpretation given to the statute of Illinios. The statute there provides that at the annual election of directors the course of study for the ensuing scholastic year shall be determined by ballot of the electors. The courts have held it to be a necessary inference that no contract could be made for the employment of a teacher until it should be known what service was to be contracted for. In other states, where there is no statute limiting expressly or by implication the time for which such a contract may be made, the decisions uniformly concede the power to the directors to enter into agreements for a period longer than their term of office. Gates v. School Dist., (Ark.) 14 S. W. Rep. 656; Reubelt v. School Town, 106 Ind. 480, 7 N. E. Rep. 206. In this state there is no such limitation by statute, and it is not perceived that any principle of public policy would prohibit the making of a contract for a period of two scholastic years.

Neither is the contract void for want of certainty as to the terms of payment. That is certain which may be rendered certain. It does not appear from the complaint that the compensation to be paid the plaintiff was not capable of being rendered certain by reference to a fixed and definite standard of compensation established by the directors of another district. The practice of so expressing the rate of compensation in a contract may be justly open to criticism when it is considered that the directors are trustees of the people, and owe to them full and accurate information as to the terms of all contracts; yet upon a demurrer to a complaint filed to recover compensation under such a contract, after the same has been executed, the court will not be justified in holding the contract void.

The demurrer is overruled.