## BROWN *et al* v. STATE.

Where the state commissioner of insurance contracted for stationery for his office, to be delivered after the expiration of his term of office, the legislature having authorized the expenditure during the succeeding term of a sum greater than the contract price, and there being no fraud or collusion in the transaction, the state was liable on the contract.

Opinion filed January 16, 1901.)

Action by Thomas H. Brown and another against the state to recover for goods sold and delivered. Judgment in favor of plaintiffs. Submitted on an agreed statement of facts.

*Horner & Stewart,* for plaintiffs

*John L. Pyle,* Attorney General, and *Alva E. Taylor,* Assistant Attorney General, for the state.

HANEY, J. The following facts are established by an agreed statement: On April 28, 1899, Hon. L. C. Campbell, who was then the duly appointed, qualified, and acting commissioner of insurance, ordered of the plaintiffs, in the usual course of business, certain necessary and proper blanks for the use of his office, to be delivered between July 1 and September 1, 1899, at the agreed price of $180. Campbell's term expired July 1, 1899. On that day Hon. F. G. King was appointed. The blanks ordered of plaintiffs were prepared and offered to King in August, 1899, who refused to receive them; he having, without knowing of Campbell's order to the plain-

tiffs, ordered a quantity of the same blanks from other parties. The plaintiffs, acting in good faith, fully performed their part of the contract, the needs of the office fully justified the order, and Campbell could not have intended to interfere with the rights or duties of his successor, as he evidently expected to succeed himself. The general appropriation bill of 1899 contains this item relating to the office of insurance commissioner: For postage, printing, traveling expenses, and incidentals, 1899, $1,000; 1900, $1,000. Laws 1899, Chap. 3, § 22. Hence, when these blanks were ordered, the commissioner of insurance was expressly authorized to expend $1,000 during the fiscal year commencing July 1, 1899. The blanks were to be used and paid for during that period. Had Campbell's term not ended when the fiscal year began, there would be no doubt of his authority to make the contract. This case differs essentially from that of State v. Mayhew, 10 S. D. 365, 73 N. W. 200. It was there held that the state auditor cannot legally audit accounts against any fund in an amount exceeding the appropriation for any fiscal period. Nothing of that nature is here involved. It was contemplated by the parties that the blanks should be furnished and paid for at a time when an ample appropriation would be available. Occasions often arise when it is necessary to the proper discharge of the public business that orders for office supplies be given in one fiscal period, to be delivered and paid for in the one following. In these cases the legal liability of the state depends upon the authority of its officer or agent to purchase the supplies when they are ordered. Such authority depends upon the existence of a law making provision for payment when the supplies are to be delivered.

Then the only question remaining is whether Campbell was authorized to purchase supplies to be delivered and paid for at a time subsequent to the end of his term of office. Concerning the power

of public officers to make contracts to be performed, in whole or in part, after the expiration of their terms, there is some conflict in the decisions; but we think that, in the absence of fraud or collusion, where the contract is made in good faith and in the ordinary course of business, it should usually be sustained. Wait v. Ray, 67 N. Y. 36; Reubelt v. School Town of Noblesville (Ind. Sup..) 7 N. E. 206. Without attempting to announce a rule defining good faith applicable to all cases of this character, we think the plaintiffs are, upon the agreed statement of facts, entitled to recover in this action the amount claimed in their complaint, with interest from the time the account was presented to the state auditor. This result is just to the plaintiffs and merely requires the insurance department to accept an extra supply of necessary stationery. Plaintiffs will have judgment as directed herein.