## MOON *v.* SCHOOL CITY OF SOUTH BEND.

[No. 7,879.   Filed April 19, 1912.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Contract by Board of School Trustees.—Employment of Superintendent.—Term of Employment.—Validity.*—Under §6488 Burns 1908, §4445 R. S. 1881, giving the school trustees of an incorporated town or city authority to employ a superintendent for their schools, the term of the employment is left to the sound discretion of the school trustees, and, in the absence of a showing of fraud or an abuse of such discretion, a contract employing a superintendent of city schools for a term of three years was valid, although it extended beyond the term of any member of the board as composed at the time the contract was made.  pp. 252, 256.

2. CONTRACTS.—*Validity.—Public Policy.*—Courts cannot arbitrarily declare a contract void as against public policy, and, where the power to make the contract is given by statute, the reasons for declaring it void should clearly appear before the court is warranted in so deciding.  p. 256.

3. CONTRACTS.—*Validity.—Public Policy.—Manner of Determining Question of Public Policy.*—In determining whether a contract is contrary to public policy the courts will look first to legislative declarations on the subject, if any, and secondly to their judicial interpretation.  p. 256.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Contract by School Trustees. —Employment of Superintendent.—Validity.—Public Policy.*—Where the trustees of a school city made a contract employing a superintendent for a term of three years, the bare possibility of abuse of their power neither justifies a denial of authority to make such contract nor shows the same to be against public policy.  p. 257.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Calvin Moon against the School City of South Bend.  From a judgment for defendant, the plaintiff appeals.  *Reversed.*

*Anderson, Parker & Crabill* and *S. J. Crumpacker,* for appellant.

*Harry R. Wair,* for appellee.

FELT, C. J.—Appellant brought this action to recover damages for an alleged breach of a written contract.  A

demurrer was sustained to his complaint, and appellant assigns error in such ruling.

The complaint alleges that on March 17, 1908, plaintiff and defendant, by its then board of school trustees, entered into a written contract, by which plaintiff agreed to serve defendant in the capacity of superintendent of the public schools, and to give his whole time and attention to the superintendency of said schools for a period of three years, beginning September 5, 1908, and ending September 5, 1911; that in consideration of said services to be performed by plaintiff, defendant agreed to pay him a salary of $2,600 per year during said term of three years; that on said September 5, 1908, plaintiff entered on the performance of his duties under said contract, and continued in the performance of such services, and devoted his whole time and attention thereto until August 17, 1909, and has ever since been ready, able and willing to continue in the performance of all of his duties and services under said contract; that on said August 17, 1909, defendant, through its then board of trustees, without reasonable or just cause, and over plaintiff's protest and against his will, discharged him from his position of superintendent of the public schools, and then and thereafter refused to permit him to discharge and perform the services and duties required of him by said contract.

A copy of the contract is filed with the complaint as an exhibit.

Appellee asserts that the complaint is bad because (1) the contract is against public policy, and (2) the board was without statutory authority to make it.

The statute (§6488 Burns 1908, §4445 R. S. 1881), provides: "The school trustees of incorporated towns and cities shall have power to employ a superintendent for
1. their schools * * * and to prescribe his duties, and to direct in the discharge of the same." The statute clearly empowers the board to employ a superintendent, and the contract is valid unless vitiated by the length

of the term of employment. The two objections are therefore practically reduced to one. `Under the statute, the school board consisted of three members, each of whose term of office is three years, and the term of one expires on August 1 of each year. §6477 Burns 1908, Acts 1905 p. 437, §§6491, 6492 Burns 1908, Acts 1903 p. 417, §§1, 2.

Of the members of the board when the contract was entered into, the term of office of the one having the longest time to serve would expire on August 1, 1910, and the contract would terminate on September 5, 1911. If such contract is against public policy, the ruling of the trial court on the demurrer was right, if not, it was erroneous.

Section 9780 Burns 1908, §6090 R. S. 1881, authorizes the board of county commissioners to employ a superintendent of the county asylum, "to take charge of the same, upon such terms and under such restrictions as the board shall consider most advantageous for the interests of the county." While the phraseology of this statute differs from the one now under consideration, their meaning and general import, when applied to the subject-matter of each, are very similar.

The latter statute was considered in *Board, etc.,* v. *Shields* (1891), 130 Ind. 6, 29 N. E. 385, with reference to the employment of a superintendent for a county asylum for a term of five years. In that case as in this it was alleged that the superintendent was discharged by the board "without any cause", after a change of its personnel, and after said superintendent had served a considerable portion of his term. The objections there urged are identical with those presented to sustain the ruling of the trial court in this case. The court held that the contract was not against public policy, and said: "The power thus conferred upon boards of county commissioners to employ and contract with a superintendent, in the absence of any restriction contained in the statute, of necessity carries with it the power to fix some term of service or time of duration of such employment. It was undoubtedly competent for the legislature to

place any restrictions they might see fit on the board in the employment of a superintendent, and provide that no contract of employment should be for longer than a given time, or even to forbid making a contract of employment for any certain and definite term. They have, however, not seen fit to do so. It must not be understood that there are no bounds to the discretion thus granted. We do not wish to be understood as holding that their action in the making of such contracts is not subject to review, and that a contract would not be annulled if it was shown that the board had abused its discretion in making it, but we do hold that unless it appears that there has been a clear abuse of discretion, and no fraud is shown, the courts will not interfere. It is insisted, however, that this contract is void upon other grounds, that it is in contravention of public policy, for the reason that to uphold it would put it in the power of one board of commissioners to bind the hands of its successors, and that it operates as an unwarranted abridgment of the 'administrative, executive and legislative' powers of the board. The first of the reasons assigned rests upon an erroneous conception of the constitution of the board of county commissioners that that body consists of a series or succession of boards, one following the other. As we have heretofore said, the board of commissioners is a corporation, representing the county. From a legal standpoint it is the county, as is said in *State, ex rel.,* v. *Clark* [(1853), 4 Ind. 315], *supra.* It is a continuous body. While the personnel of its membership changes, the corporation continues unchanged. It has power to contract. Its contracts are the contracts of the board, and not of its members. An essential characteristic of a valid contract is, that it is mutually binding upon the parties to it. A contract by a board of commissioners, the duration of which extends beyond the term of service of its then members, is not, therefore, invalid for that reason. As individuals they are not parties to it.''

In *Reubelt* v. *School Town of Noblesville* (1886), 106 Ind.

478, 7 N. E. 206, it was decided that the employment of a school superintendent in May, prior to the election of a new member of the board in June, for the school year beginning in September following, was valid and binding on the school corporation. The court quoted the statute here under consideration, and said: "The authority of the board of school trustees to employ teachers, and a superintendent of the schools in the town or city, is given in general terms, just as the authority to make other contracts is given.  *  *  * It may be that instances will occur when the authority to employ teachers and superintendents in advance of the incoming of a new member of the board may be abused, but the possibility is not very great, as but one member goes out at a time. But the fact that the authority may be abused, is not a sufficient reason for holding that it does not exist. On the other hand, desirable teachers and superintendents might be lost to the schools, if the board were not authorized to employ them until after the election in June."

Appellee relies mainly on *Board, etc.,* v. *Taylor* (1890), 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160. In that case the contract of the board of commissioners with certain attorneys to serve the board for a term of three years was held invalid as being against public policy and for the reason that the members of the board did not have power to bind their successors in office by such contract. This case was discussed in *Board, etc.,* v. *Shields, supra,* and held not to be controlling in that case, and among the reasons given for so holding it was said: "The relations existing between an attorney and his client are unlike those ordinarily existing between employer and employe. They are of an intimate and confidential character. The attorney, instead of acting under the direction and instruction of his client, is himself largely the adviser and instructor. One of the principal duties imposed upon him by his employment is to advise as to the law. There is, therefore, much reason in holding that the board, as personally constituted, should be at all times

free to select its own confidential legal adviser.'' If the Taylor case was not controlling in the Shields case, it is not in the one at bar.

Counsel for appellee also refer to the act of 1893 (Acts 1893 p. 34, §6593 Burns 1908) making it unlawful for a township trustee to hire a teacher whose services under such employment do not begin before the expiration of the term of office of the trustee, and insists that this statute indicates the policy in such matters, and tends to show that the contract in the case at bar is against public policy.

The fact that the act is limited to township trustees is, however, significant in view of the general and growing custom in the larger cities of this State to employ school superintendents for a term of years. The statute governing the employment in this case confers the power without limitation, and the later act, limited as it is, in so far as it has any effect on the question of public policy, tends to indicate a different policy in relation to city school superintendents, or at least in a negative sense evidences the legislative intention to leave undisturbed the power conferred by the statute we are considering.

Courts cannot arbitrarily declare a contract void on the theory that it is against public policy. Where the power to make the contract is given by statute, the reasons for

2.   so declaring it void should clearly appear before the court is warranted in so deciding. In determining the question of public policy, the courts look first to legislative declarations, if any, and secondly, to judicial in-

3.   terpretation, where available. *Picket Publishing Co. v. Board, etc.* (1907), 36 Mont. 188, 92 Pac. 524, 122 Am. St. 352, 357, 13 L. R. A. (N. S.) 1115, 12 Ann. Cas. 986. In so far as our legislature has indicated any policy,

1.   it is to leave the term of the employment of city school superintendents to the sound discretion and judgment of the school trustees.

Other cases in our own State tend to sustain the view that

the contract in question is not against public policy nor wanting in statutory authority. *School Town of Milford* v. *Zeigler* (1891), 1 Ind. App. 138, 27 N: E. 122; *Jackson School Township* v. *Shera* (1893), 8 Ind. App. 330, 35 N. E. 842; *Hornbeck* v. *State, ex rel.,* (1904), 33 Ind. App. 609, 71 N. E. 916.

The decided weight of authority outside our own State is to the effect that such contracts are not against public policy. Cases to the contrary are generally distinguishable by the different provisions of the statute considered. *Gates* v. *School Dist., etc.* (1890), 53 Ark. 468, 14 S. W. 656, 10 L. R. A. 186; *Picket Publishing Co.* v. *Board, etc., supra; Taylor* v. *School Dist., etc.* (1897), 16 Wash. 365, 47 Pac. 758; *Caldwell* v. *School Dist., etc.* (1893), 55 Fed. 372; *Ward* v. *Board, etc.* (1905), 138 Fed. 372, 70 C. C. A. 512; *Wait* v. *Ray* (1876), 67 N. Y. 36; *Farrell* v. *School Dist., etc.* (1893), 98 Mich. 43, 56 N. W. 1053; *Chittenden* v. *School Dist., etc.* (1884), 56 Vt. 551; *Wilson* v. *East Bridgeport School Dist., etc.* (1869), 36 Conn. 280.

In *Wait* v. *Ray, supra,* it was said with reference to a statute similar to ours: "This-power is general and unlimited. If it had been intended that the contracts which they are authorized to make should not extend beyond their term of office, this general language would have been limited."

In *Caldwell* v. *School Dist., etc., supra,* it was said, in substance, that where the term of such employment is not limited by statute, no principle of public policy prohibits the making of a contract similar to the one before us.

Any fact or circumstance that would indicate an abuse of discretion on the part of the board, unfair dealing, fraud or collusion for the purpose of doing something detrimental to the interests of the schools, might be used effectively in a proper case to terminate an employment; but the possibility of abuse, as stated in several of the cases already cited, does not give a sufficient reason for deny-

ing the authority to make such contract under a statute conferring the power so to do, without limitation, nor does it show that such contracts are against public policy.

For reasons already stated, we conclude that the trial court erred in sustaining the demurrer to appellant's complaint.

The judgment is therefore reversed, with instructions to the lower court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 98 N. E. 153. See, also, under (1) 35 Cyc. 1079; (2, 3) 9 Cyc. 482; (4) 9 Cyc. 482; 35 Cyc. 1079. As to contracts against public policy, see 93 Am. St. 905. The authorities on the power of a board to appoint superintendents or teachers for terms extending beyond its own term are discussed in a note in 29 L. R. A. (N. S.) 657.