JESSUP ET AL., BOARD OF COMMISSIONERS OF HANCOCK COUNTY, *v.* HINCHMAN.

[No. 11,065.   Filed February 1, 1922.]

1. COUNTIES.—*Contracts.*—*Validity.*—*Contracts Beyond Term of Office of Commissioners.*—As a general rule, contracts extending beyond the term of the office of the members of a board of county commissioners are valid, if made in good faith. p. 463.

2. COUNTIES.—*Employment of Attorney.*—*Contract Extending Term of Office of Commissioners.*—*Validity.*—A contract entered into between the board of county commissioners and an attorney under which he was employed to act as county attorney for a term extending beyond the time when there would be a change in the membership of the board, is void as against public policy although the contract was only for one year and at the time it was executed the board did not have an attorney in its employ. p. 463.

3. CONTRACTS.—*Contracts Void as against Public Policy.*—*Ratification.*—A contract which is void as against public policy is not susceptible of ratification.   p. 465.

4. PLEADINGS.—*Complaint.*—*General and Special Averments.*—*Inconsistency.*—Specific averments in a complaint, when inconsistent with the general averments, will control, and the sufficiency of the complaint will be determined from the special averments.   p. 465.

From Hancock Circuit Court; *Douglas Morris,* Special Judge.

Action by John B. Hinchman against Rolland H. Jessup and others, as Board of Commissioners of Hancock

County.   From a judgment for plaintiff, the defendants appeal. *Reversed.*

*William A. Hough,* for appellants.

*Charles L. Tindall* and *Omer S. Jackson,* for appellee.

BATMAN, P. J.—Appellee filed an amended complaint against appellant, which alleges in substance, among other things, that on December 3, 1918, the term of employment of the previous attorney for Hancock county, Indiana, expired, and by reason of that fact a vacancy in such employment occurred and existed; that appellee on said date was, and for more than five years prior thereto had been continuously an attorney at law duly admitted to practice in the various courts of the state; that on said date John T. Burke, Rolland H. Jessup and Pleasant F. Parish were the duly elected, qualified and acting board of commissioners of said county, and as such, entered into a written contract with appellee on said date, by the terms of which he was employed as county attorney for a term of one year from December 3, 1918; that on said date he executed a bond with security in the penal sum of $500, conditioned for the faithful performance of his duties under said contract; that said bond was duly approved by said board of commissioners on the date of its execution; that by the terms of said contract he was to perform certain enumerated services which included the giving of legal advice to said board in all business in which it was concerned, and was to receive therefor the sum of $500 to be paid in quarterly installments at the regular meetings of the board of commissioners in March, June, September and December; that he entered upon the performance of his duties under said contract on December 3, 1918, and fully performed the same until January 6, 1919; that in so doing he performed services for appellant thereunder between the first and sixth days of January, 1919, which

services appellant received, accepted and retained; that on January 1, 1919, Chester A. Gates succeeded the said John T. Burke as a member of said board of commissioners, by election and qualification, and continuously thereafter the said Gates, and the said Jessup and Parish have constituted said board; that on January 6, 1919, appellant wrongfully and without cause discharged appellee as its county attorney under said contract, and thereafter refused to recognize him as its employe or receive his services thereunder; that appellee, on February 25, 1919, filed his duly verified claim against appellant with the auditor of said county for his first quarterly installment of his compensation under said contract, to wit: $125; that said claim was duly presented to appellant for allowance at its monthly meeting in March of said year; that appellant allowed $45.82 of said claim for the services performed by appellee under said contract up to and including January 6, 1919, and disallowed the remainder thereof; that appellee has refused at all times to accept the amount so allowed, or to abide by the action of appellant on his said claim; that at the time said contract was entered into, and continuously ever since, there has been a valid, existing and unexpended appropriation for the payment of the compensation specified in said contract; that appellee has fully performed all the conditions of said contract on his part, except such as he was prevented from performing by the acts of appellant, and that at all times since the execution thereof, he has been ready, able and willing to perform all of its conditions on his part to be performed. Copies of said contract and bond were made part of said complaint as exhibits. Appellant filed a demurrer to said complaint for want of facts, which was overruled, and thereupon it filed an answer thereto in one paragraph, to which a demurrer was filed and sustained. Appellant refused to plead further, and

elected to abide the ruling of the court in sustaining appellee's demurrer to its paragraph of answer. Judgment was thereupon rendered in favor of appellee on demurrer for $500 and costs. This appeal followed.

Appellant has assigned the action of the court in overruling its demurrer to the complaint as one of the errors it relies on for reversal. In support of this assignment it cites the fact that the allegations of the complaint show that the contract in suit undertakes to compel it to accept the services of an attorney in the discharge of its duties during a period of eleven months after there has been a change in its membership, and to that extent the contract is void by reason of being against public policy. It may be said that, as a general rule, contracts extending beyond the term of office of the members of a board of county commissioners are valid, if made in good faith. *Board, etc.* v. *Shields* (1891), 130 Ind. 6, 29 N. E. 385; *Liggett* v. *Kiowa County* (1895), 6 Colo. App. 269, 40 Pac. 475; *Webb* v. *Spokane Co.* (1894), 9 Wash. 103, 37 Pac. 282. But an exception to this general rule has been recognized in this state, where the contract involves the employment of an attorney by a board of county commissioners to render services in the discharge of its duties, for a term extending beyond the time when a change will occur in its membership. *Board, etc.* v. *Taylor* (1890), 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160; *Board, etc.* v. *Shields, supra.* One of the reasons for the existence of such an exception, stated in the case last cited, is as follows: "The relations existing between an attorney and his client are unlike those ordinarily existing between employer and employe. They are of an intimate and confidential character. The attorney, instead of acting under the direction and instruction of his client, is himself largely the adviser and instructor. One of the principal duties imposed upon

him by his employment is to advise as to the law.    There is, therefore, much reason in holding that the board, as personally constituted, should be at all times free to select its own confidential legal adviser." Appellee has called our attention to the fact that in the instant case the contract runs only for one year, and was made at a time when the board of commissioners had no attorney in its employ, and based on these facts asserts that the Taylor case cited above is not controlling.    He also cites the fact that it is alleged in the complaint that he has been ready, able and willing, at all times since the execution of said contract, to perform all the conditions thereof on his part to be performed, and that it does not appear that he has been guilty of any dishonesty or other reprehensible conduct which would in any way effect his service under said contract, or the confidence of appellant in either his integrity or ability.    But admitting that all of this is true, the very potent reason stated above for the existence of the exception would still be present.    If it is deemed advisable for the public good that boards of county commissioners, as organized from year to year, should have the right to select their own legal advisers, because of the confidential relationship and the nature of the services to be rendered, this right cannot be defeated because a prior employment had been made when there was a vacancy, or because the term of employment is for only a comparatively short period, where, as in this case, it runs for almost an entire year after the reorganization of the board with a new member.    Nor should such a board, in order to dispense with the services of an attorney, employed while organized in part at least with a different membership, and thereby be free to select one of its own choosing, be compelled to prefer charges against an attorney so employed, or allege and prove dishonesty or a lack of ability on his part, or that he was distasteful

to its members, or that they had no confidence in him, as appellee's contention would imply.

It will be observed that appellee alleges in his complaint that he rendered services for appellant under said contract between the first and sixth days of January, 1919, which were received, accepted and retained by it. We assume this allegation was made for the purpose of showing a ratification of the contract in suit by appellant, after the change in its membership, but it cannot have this effect, as it is well settled that a contract, void as against public policy, is not susceptible of ratification. 13 C. J. 506; *Austin* v. *Davis* (1891), 128 Ind. 472, 26 N. E. 890, 12 L. R. A. 120, 25 Am. St. 456; *Millett* v. *Aetna, etc., Saving Co.* (1919), 70 Ind. App. 451, 122 N. E. 344; *Fears* v. *United, etc., Bank* (1916), 172 Ky. 255, 189 S. W. 226; *Westerlund* v. *Black, etc., Co.* (1913), 203 Fed. 599, 121 C. C. A. 627; *Jenness* v. *Simpson* (1910), 84 Vt. 127, 78 Atl. 886. It will also be observed that appellee has alleged that appellant wrongfully discharged him as its attorney under said contract, and thereafter refused to recognize him as its employe, or to receive his services as such. However, the specific allegations of the complaint show that such discharge and refusal were not wrongful, and they will be accepted as controlling under a well settled rule governing the construction of pleadings. *Atkins* v. *Kattman* (1912), 50 Ind. App. 233, 97 N. E. 174; *Pillsbury, etc., Co.* v. *Walsh* (1915), 60 Ind. App. 76, 110 N. E. 96. We conclude that the contract in suit, in so far as it relates to the performance of legal services by appellee for appellant, after its reorganization in January, 1919, with a new member, is void as against public policy, and since the complaint shows that appellant allowed him full compensation for the services rendered thereunder prior to such date, it

fails to state a cause of action. The court, therefore, erred in overruling appellant's demurrer thereto. As no good purpose would be subserved by considering the other errors assigned we will not do so. The judgment is reversed with instructions to sustain appellant's demurrer to the complaint, and for further proceedings consistent with this opinion.