# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ROSEMARY L. BOREK**
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**RICHARD W. McMINN**
John H. Haskin & Associates, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY a/k/a DELAWARE COUNTY COMMISSIONERS, | ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 18A05-1201-PL-14 |
| BEVERLY J. EVANS, | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Peter D. Haviza, Special Judge
Cause No. 18C02-1102-PL-1

**November 28, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Board of Commissioners of Delaware County (the "Board") appeals the trial court's denial of its motion to dismiss the complaint for breach of employment contract filed by Appellee-Plaintiff Beverly Evans. We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In the first quarter of 2007, Evans answered an advertisement for an open position as the Board's Human Resource Director ("H.R. Director"). Evans was interviewed by the three country commissioners in office at the time, John Brooke, Larry Bledsoe, and Tom Bennington, who selected Evans to fill the position. On May 14, 2007, Evans and the Board executed a written employment contract providing that Evans would serve as the H.R. Director for a term of three years. The contract further provided for the termination of Evans's employment only upon the expiration of the contract, by agreement of the parties, or for good cause with fifteen days' written notice to Evans.

In November 2008, Don Dunnuck and Todd Donati were elected to the Board, replacing Commissioners Brooke and Bennington. Commissioner Bledsoe remained in office. On March 3, 2009, roughly two years into Evans's three-year employment term, Evans received notice from the Board that her employment was terminated effective immediately. The Board did not provide Evans with fifteen days' written notice of her termination for good cause as required by her employment contract.

The following provisions of Evans's employment contract and job description are relevant to our decision in this matter:

2

The Human Resource Director is expected to apply specialized knowledge of personnel administration to the overall operation of County departments, exercising independent judgment in developing, interpreting, and applying County policies, legal requirements and employee benefits programs to individual cases. The Human Resource Director will assist in developing and administering personnel policies and procedures and benefit programs, as well as ensure compliance with local, state and federal regulations.

Appellant's App. p. 16.

The Incumbent serves as Human Resources Director, responsible for supervising and directing assigned personnel with planning, implementing, and coordinating personnel policies and procedures ensuring compliance with local, state, and federal employment laws and regulation.
….

Supervises assigned personnel, including planning, implementing, and coordinating personnel policies and procedures ensuring compliance with various local, state, and federal employment laws, rules, and regulations, including planning and coordinating training for supervisors and other personnel, maintaining, reviewing, and providing personnel policy handbooks and prescribed forms, consulting with department heads, elected officials, county council, county attorney, and other supervisors resolving problems, maintaining current knowledge of employment regulations, and distributing timely notices of relevant legislative policy changes.

Oversees administration of County health insurance programs, including preparing/distributing pamphlets, explaining coverage and procedures, enrolling and/or terminating personnel, responding to inquiries, communicating with insurance representatives to resolve problems, and monitoring claim investigations. Reviews health insurance programs annually, researching and identifying competitive, cost-effective coverage options, preparing analysis reports, and making recommendations to County officials.
….

Incumbent applies specialized knowledge of personnel administration to the overall operation of County departments, exercising independent judgment in developing, interpreting, and applying County policies, legal requirements and employee benefits programs to individual cases.
….

Incumbent assists in developing and administering personnel policies and

3

procedures and benefits programs ensuring compliance with related state and federal regulations. Incumbent receives general supervision, discussing unusual circumstances with supervisor at incumbent's discretion. Incumbent's work is reviewed primarily for appropriate supervision of assigned operations and soundness of judgment.

….

Incumbent reports directly to the County Commissioners.

….

Assists elected officials and county attorney in litigation to prepare documentation for court appearances, periodically appears as representative for County.

….

Maintains County job classification system, including writing, reviewing, and updating job descriptions, reviewing reclassification requests, directing and coaching compensation meetings, and making recommendations to County Council regarding established job grades and salary increase.

Maintains selection process in hiring new County personnel, including screening applications, administering exams, interviewing applicants, and making hiring recommendations. Oversees orientation for new personnel, preparing forms, and explaining benefit plans and personnel policies and procedures. Delivers training to elected officials, managers, and supervisors regarding selection and hiring process.

….

Serves periodically as mediator regarding employee problem resolution and progressive disciplinary procedures.

Appellant's App. pp. 47-50.

On February 25, 2011, Evans filed her complaint in Delaware Circuit Court. On May 4 the Board filed a Motion to Dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). The trial court denied the Board's motion on October 24, and on December 16, certified its interlocutory order for immediate appeal. This court accepted jurisdiction on February 24, 2012.

4

**DISCUSSION AND DECISION**

**I. Standard of Review**

"The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim is de novo." *PricewaterhouseCoopers, LLP v. Massey*, 860 N.E.2d 1252, 1256 (Ind. Ct. App. 2007).

> A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. [W]e do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, [but] we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.
>
> A court should accept as true the facts alleged in the complaint, and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the nonmoving party. However, a court need not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. Courts also need not accept as true conclusory, nonfactual assertions or legal conclusions.

*Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36-47 (Ind. Ct. App. 2010) (internal citations omitted).

The pleading considered in this matter consists of Evans's complaint along with two exhibits incorporated by reference: the employment contract and the job description. "When any pleading…is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading." Ind. Trial Rule 9.2. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Ind. Trial Rule 10; *see Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (discussing Fed. R. Civ. P. 10 and stating, "documents attached to a motion to dismiss are considered part of the

pleadings if they are referred to in the plaintiff's complaint and are central to his [or her] claim").

The construction of terms of a written contract is a question of law that we review de novo. *Beazer Homes Ind., LLP v. Carriage Courts Homeowners Ass'n, Inc.*, 905 N.E.2d 20, 22-23 (Ind. Ct. App. 2009).

> The goal of contract interpretation is to ascertain and give effect to the parties' intent. We will determine the intent of the contracting parties by analyzing the contractual language within the four corners of the document. If that language is unambiguous, we may not look to extrinsic evidence to expand, vary, or explain the instrument. A contract is not ambiguous merely because the parties disagree as to its proper construction.

*Id.* (internal citations omitted).

## II. Discretionary Function

The Board argues that Evans's employment contract violates "the very essence of elected government." Appellant's Br. p. 9. By binding the Board to its predecessor members' choice for H.R. Director, Evans's contract prevents the Board's successor members from implementing the policies desired by the majority of the public who elected them. (*See Figuly v. City of Douglas*, 853 F. Supp. 381, 381 (D. Wyo. 1994) (discussing this "critical facet of democracy"). We agree.

"[A]s a general rule, contracts extending beyond the term of office of the members of a board of county commissioners are valid, if made in good faith." *Jessup v. Hinchman*, 77 Ind. App. 460, 463, 133 N.E. 853, 854 (1922) (citing *Bd. of Comm'rs of Pulaski Cnty. v. Shields*, 130 Ind. 6, 10, 29 N.E. 385, 386 (1891)). "[They] are the contracts of the board, and not of its members." *Moon v. Sch. City of S. Bend*, 50 Ind. App. 251, 254, 98 N.E. 153, 154-

55 (1912). However, a county board of commissioners does not "ha[ve] the power to limit the discretionary functions of its successors." *Allen Cnty. Council v. Stellhorn*, 729 N.E.2d 608, 612 (Ind. Ct. App. 2000) (citing *State ex rel. Scott v. Hart,* 144 Ind. 107, 111, 43 N.E. 7, 8 (1896) ("It may be correctly said that the board of commissioners cannot, by contract, preclude itself or its successors from the right and duty to exercise the powers given it by statute when in its judgment or discretion it is deemed necessary to do so.")).

This court has interpreted the term, "discretionary function," as provided by the Indiana Tort Claims Act,[1] to mean "'a function involving the formulation of basic policy characterized by official judgment, discretion, weighing of alternatives, and public policy choices….'" *City of Indpls. v. Duffitt*, 929 N.E.2d 231, 236 (Ind. Ct. App. 2010) (quoting *City of Terre Haute v. Pairsh*, 883 N.E.2d 1203, 1206-07 (Ind. Ct. App. 2008)). In contrast, a function involving "only the execution or implementation of already formulated policy" is not discretionary. *Id. See Peavler v. Bd. of Comm'rs of Monroe Cnty.*, 528 N.E.2d 40, 43-44 (Ind. 1988) (outlining test for determining whether government action is discretionary). We are guided by this interpretation in concluding that fulfillment of the plain language of Evans's employment contract and job description requires the performance of discretionary functions.

The H.R. Director is charged with "developing [and] interpreting…County policies, legal requirements and employee benefits programs." Appellant's App. pp. 16, 49. The position's incumbent is similarly required to "assist in developing…personnel policies and

procedures and benefit programs," Appellant's App. p. 16, and to "supervis[e] and direct[] assigned personnel with planning… personnel policies and procedures." Appellant's App. p. 47. In addition, the H.R. Director is responsible for "screening applications…interviewing applicants, and making hiring recommendations" for new County personnel. Appellant's App. p. 50. The incumbent also "mak[es] recommendations to County Council regarding established job grades and salary increase[s]." Appellant's App. p. 50. Moreover, the H.R. Director "consult[s] with department heads, elected officials, county council, county attorney, and other supervisors resolving problems," "[s]erves periodically as mediator regarding employee problem resolution and progressive disciplinary procedures," and "periodically appears as representative for County" in litigation. Appellant's App. p. 50.

Similar duties were found to be discretionary in *Board of Klamath County Commissioners v. Select County Employees*. 148 Or. App 48, 55 (1997). There, the Oregon Court of Appeals held that an employment contract for a Personnel Director was not binding against successor board members because the contract's terms "call[ed] for the performance of governmental functions." *Id.* at 53 (interpreting "governmental function" to mean "discretionary act," as that term is used in Oregon's Tort Claims Act). The contract required the incumbent

> to determine the appropriateness of allocations of personnel and to assess the training needs, resources, and priorities of the various county departments…to direct county-wide personnel programs and to interpret the rules, policies and procedures governing those programs as well as to negotiate, approve and interpret all collective bargaining agreements entered into by the

---

[1] "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the performance of a discretionary function." Ind. Code. § 34-13-3-3(7).

county…[and] to recommend new and revised policies, procedures and regulations to the Commission.

*Id.* 53-54.  These functions, the court concluded, were duties of the Board, which the commissioners had delegated to their Director of Personnel.  *Id.* at 54.  They involved "making policy judgments, ranking and evaluating policy objectives and making choices among competing goals and priorities."  *Id.*

We highlight that, under *First Amendment* jurisprudence, an individual is considered a policymaker "if the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation.'" *Opp v. Office of State's Attorney of Cook Cnty.*, 630 F.3d 616, 619 (7th Cir. 2010).  Evans's contract authorizes such input in performing the duties outlined above.  It provides that the H.R. Director "reports directly to the County Commissioners" but "exercis[es] independent judgment," "discussing unusual circumstances with [the Board] at incumbent's discretion."  Appellant's App. p. 49.  Further, the H.R. Director's "work is reviewed primarily for appropriate supervision of assigned operations and soundness of judgment."  Appellant's App. p. 49.

Based on these contractual provisions, we conclude that the Board's predecessor members delegated to the H.R. Director the Board's statutory duties to "establish the procedures to be followed by all county departments, offices, and agencies," Ind. Code. § 36-2-3.5-4 (b)(4), and to "supervise county administrative offices…."  Ind. Code. § 36-2-3.5-4(b)(11).  Were it to be held valid, Evans's contract would inhibit the Board, as newly constituted, from exercising the discretionary powers entrusted to it by the electorate.

9

Evans's contract is therefore void as against public policy, and her complaint fails to state an actionable claim.

### III. Attorney Exception

The Board also argues that Evans's employment contract is void because it establishes an attorney-like relationship between the H.R. Director and the Board. While true, a contract is void where it "involves the employment of an attorney by a board of county commissioners…for a term extending beyond the time when a change will occur in its membership," *Jessup*, 77 Ind. App. at 463, 133 N.E. at 855 (citing *Bd. of Comm'rs of Jay Cnty. v. Taylor*, 123 Ind. 148, 152-53, 23 N.E. 752, 753 (1890)), this doctrine has never been extended to non-attorney positions. *See Shields*, 130 Ind. at 12, 29 N.E. at 388; *see also Moon*, 50 Ind. App. at 256, 98 N.E. at 155. Because we are able to decide this matter under a discretionary function analysis, we need not consider expanding the scope of the attorney exception here.

The judgment of the trial court is reversed and remanded with instructions to dismiss Evans's complaint for failure to state a claim upon which relief can be granted.

BAKER, J., concurs.

ROBB, C.J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY a/k/a DELAWARE COUNTY COMMISSIONERS, | ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 18A05-1201-PL-14 |
| BEVERLY J. EVANS, | ) ) | |
| Appellee-Plaintiff. | ) | |

ROBB, Chief Judge, dissenting

I respectfully dissent from the majority's conclusion that Evans's complaint should be dismissed. While I agree with our prior conclusion that "a county board of commissioners does not 'ha[ve] the power to limit the discretionary functions of its successors,'" slip op. at 7 (quoting <u>Allen Cnty. Council v. Stellhorn</u>, 729 N.E.2 608, 612 (Ind. Ct. App. 2000), <u>trans. denied</u>), I disagree with the majority's conclusion that this is such an occasion.

Evans's employment contract does appear to grant her a role in certain discretionary functions, but I do not believe it goes so far as to limit the discretionary functions of the commissioners overseeing her position. As the Board states in its appellate brief, "[t]he human resources director reports to the county commissioners," "Evans did not have the

11

authority to hire or fire employees," "significant issues had to be submitted to the county attorney," and part of Evans's role was to <u>advise</u> them "on personnel issues." Brief of Appellant at 4, 7. Included in Evans's job description is that she "mak[es] recommendations to County Council regarding established job grades and salary increase" and "mak[es] hiring recommendations." App. of Appellant at 50. Further, her employment agreement with the Board states "[t]he Human Resource Director shall report to the Delaware County Commissioners." Appendix of Appellant at 15. Read as a whole, the agreement does give Evans a certain amount of latitude in performing the role of Human Resource Director—such as "exercising independent judgment in developing, interpreting and applying County policies, legal requirements and employee benefits programs to individual cases" and assisting "in developing and administering personnel policies and procedures and benefit programs, as well as ensur[ing] compliance with local, state and federal regulations," <u>id.</u> at 16[2]—but that freedom is constrained to certain administrative aspects of the oversight of the County's employment relationship with its employees, Evans is still subject to the authority of the County Commissioners, and the policies she is charged with "developing, interpreting and applying" are not her own, they are the County's. The major decision-making authority remains with the Commissioners. I would therefore conclude Evans's contract does not limit

---

[2] It is important to note that rather than having an explicit role in forming "public policy," <u>see</u> slip op. at 7 (quoting <u>City of Indpls. v. Duffitt</u>, 929 N.E.2d 231, 236 (Ind. Ct. App. 2010)), the role afforded Evans, while not entirely clear, appears to be in forming employment policies. While employment policies may include small public policy decisions, as a whole the ability to craft employment policies is significantly less discretionary than making public policy choices.

12

the discretionary authority of the new Commissioners and Evans's complaint for breach of

her employ*ment contract should* not be dismissed.